**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH BYRON BARANSKI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-123 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Court's own motion. For the reasons stated below, the Court will order the refund of petitioner's $350 filing fee, direct the Clerk of Court to enter the Office of the United States Attorney on the docket in this matter, and issue a case management order.

Petitioner filed a pro se petition for writ of coram nobis on January 18, 2011. In his amended petition filed through counsel, petitioner seeks to overturn his 2003 conviction for conspiracy to import machine guns by submitting false entries on forms for the Bureau of Alcohol, Tobacco,, and Firearms, in violation of 18 U.S.C. § 371 and 26 U.S.C. § 5861(1).[1] See United States v. Baranski, No. 4:02-CR-361 CAS (E.D. Mo.).

---

[1] Petitioner has previously appeared before this Court seeking to overturn his 2003 conviction. In April 2005, after his conviction was upheld following direct appeal to the Eighth Circuit Court of Appeals, United States v. Baranski, 75 F. App'x 566 (8th Cir. 2003) (per curiam), petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On February 27, 2006, this Court denied petitioner's § 2255 motion, and the judgment was affirmed by the Eighth Circuit Court of Appeals on January 16, 2008. Baranski v. United States, 515 F.3d 857 (8th Cir. 2008). Petitioner was denied an application for writ of certiorari to the United States Supreme Court on December 16, 2008.

This Court recently held that coram nobis cases are substantially similar to cases under 28 U.S.C. § 2255 cases and thus should be treated as civil in nature, even though they are in essence a continuation of the criminal case whose judgment is under attack. See Katz v. United States, No. 4:11-CV-513 CDP, slip op. at 2-4 (E.D. Mo. Apr. 21, 2011). Case law suggests that "the only difference between § 2255 and coram nobis cases is whether the prisoner is still in custody or whether he has been released." Id. at 4.

As a result, the Court will treat petitioner's coram nobis action similarly to his prior § 2255 action. The case is properly filed as a separate civil action on this Court's docket. As in petitioner's § 2255 action, petitioner will not be responsible for the $350 filing fee, nor for service of process on respondent. As a result, the Court will direct the Clerk of Court to refund petitioner's $350 filing fee and ensure that respondent is notified of the instant action. A case management order will issue separately.

Accordingly,

**IT IS HEREBY ORDERED** that on the Court's own motion, the $350 filing fee shall be returned to petitioner Keith Byron Baranski, and petitioner is absolved from the requirement to obtain service of process on the respondent under Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the Clerk of Court shall refund petitioner's $350 filing fee, payable directly to petitioner Keith Byron Baranski, at P. O. Box 11, Brownsville, Ohio 43721.

**IT IS FURTHER ORDERED** that, similar to the procedure used in § 2255 cases, the Clerk of Court shall enter the Office of the United States Attorney on the docket in this matter such that the United States Attorney will receive notification of the instant action.

                                                  **CHARLES A. SHAW**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of April, 2011.