UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH BYRON BARANSKI, | ) |
| Petitioner, | ) |
| v. | ) No. 4:11-CV-123 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on non-party Rosenblum, Schwartz, Rogers & Glass, P.C.'s ("RSRG") motion to quash a subpoena duces tecum served on it by petitioner Keith Byron Baranski ("Baranski") on November 26, 2011.  Baranski opposes the motion.  RSRG did not file a reply and the time to do so has passed.  As a result, the motion is fully briefed and ready for decision.  For the following reasons, the Court will reserve ruling on the motion to quash and will order RSRG to provide a privilege log within fourteen days of the date of this Order.

**Background**

Baranski filed a Petition for Writ of Error Coram Nobis seeking to vacate his judgment of conviction, sentence and judgment of forfeiture in United States v. Keith Byron Baranski, No. 4:02-CR-361 CAS (E.D. Mo.).  Baranski was convicted of conspiracy to defraud the United States in connection with false statements made on ATF forms related to imported machine guns.  According to the Petition, virtually all of the evidence against Baranski came from the testimony of coconspirator James Carmi.  Baranski was sentenced to 60 months, has served his sentence and is no longer on supervised release.  As part of the criminal case, 372 machine guns and 12 crates of accessories were forfeited.

Baranski's coram nobis petition alleges that Carmi testified falsely during Baranski's trial that no promise has been made to Carmi by the United States Department of Justice ("DOJ") to file a sentence reduction motion pursuant to Rule 35, Federal Rules of Criminal Procedure, in return for his testimony against Baranski. Carmi also denied that he had any mental impairment, and testified concerning Baranski's purported involvement with the Jemez Springs, New Mexico, Sheriff's Department.

Baranski states that after he completed serving his sentence, Carmi alleged, in a series of letters to Baranski's investigator and in a civil action filed in this Court pursuant to 42 U.S.C. § 1983, that prior to and immediately after his testimony against Baranski, there were numerous discussions between the DOJ and RSRG, and that the DOJ had promised to file a motion for reduction of Carmi's sentence in exchange for his testimony against Baranski. On January 19, 2010, a DEA agent gave Baranski a copy of a letter sent to Carmi by Carmi's attorney, John Rogers of RSRG, dated February 17, 2003. The letter stated in part that because the Government believed Carmi lied at Baranski's trial concerning a Rule 35(b) motion, the Government would not file a Rule 35(b) motion for him.

Baranski states that on April 15, 2011, Carmi filed an action for damages pursuant to 42 U.S.C. § 1983 against a number of entities and individuals, including his former attorneys Scott Rosenblum and John Rogers of RSRG, and former Assistant United States Attorney ("AUSA") James Martin.[1] Carmi v. United States, No. 4:11-CV-693 NAB (E.D. Mo.). Baranski states that the complaint contains allegations that DOJ agents and employees, including former AUSA Martin, had suborned Carmi to commit perjury at Baranski's trial and, after Baranski's conviction, the DOJ did

---

[1] Baranski's assertion that former AUSA Richard Poehling was a defendant in Case No. 4:11-CV-693 NAB is incorrect.

2

not fulfill its promise to file the motion for reduction of Carmi's sentence. Baranski also states that Carmi's § 1983 complaint also alleged that RSRG partners Rogers and Rosenblum lied to him, worked with the prosecution to further the prosecution's case, instructed him to lie, and then failed to secure the promised Rule 35(b) motion after Carmi testified.[2]

Baranski also alleges that Carmi sent approximately ten handwritten letters to Baranski and his investigator Valerie Summer beginning in late December 2010. Baranski asserts that those letters detail Carmi's admission of perjury and claims of suborned perjury by the government at Baranski's trial. Baranski states that the letters also discuss the promise of a Rule 35(b) motion, including multiple references to the February 17, 2003 letter from Carmi's counsel John Rogers of RSRG, "as well as several other attorney-client issues not previously known to Baranski." Pet.'s Opp. at 3.

Baranski served a Rule 45 subpoena duces tecum on RSRG, directing it to produce the following:[3]

> All records, reports, notes, memoranda, papers, letters, files and documents pertaining to James M. Carmi's amnesia or memory loss during, or prior to, the trial of Keith Baranski, including but not limited to, any mental health reports, competency evaluations, and probation reports.
>
> All records, reports, notes, memoranda, papers, letters, documents and correspondence relating to (1) the sentence received by James M. Carmi in December 2001, (2) an offer of a Rule 35 motion made to James M. Carmi, (3) meetings and conversations with Guy Carmi or Vicki Carmi concerning a Rule 35 motion made to James M. Carmi, and (4) James M. Carmi and his relation with the Jemez Springs, New Mexico Police Department and its involvement with Keith Baranski d/b/a Magua Industries.

Mot. to Quash at 1-2.

---

[2]Carmi's complaint in Case No. 4:11-CV-693 NAB was summarily dismissed by Memorandum and Order and Order of Dismissal dated April 26, 2011.

[3]The Rule 45 subpoena is not part of the record before the Court.

3

RSRG moves to quash the subpoena on the conclusory basis that it requires the disclosure of material protected by the attorney-client privilege.

**Legal Standard**

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1), Federal Rules of Civil Procedure. "[C]onfidential communications between an attorney and his client are absolutely privileged from disclosure against the will of the client." Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 601 (8th Cir. 1978) (en banc). Nonetheless, as with all testimonial privileges, the attorney-client privilege must be strictly construed because of the "adverse effect of its application on the disclosure of truth[.]" Id. at 602. As a result, a party withholding information on a claim that it is privileged has the burden to establish that the privilege applies. Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985); Diversified Indus., 572 F.2d at 609; Fidelity Nat'l Title Ins. Co. v. Captiva Lake Invs., Inc., 2011 WL 2462048, at *1 (E.D. Mo. June 17, 2011).

Under Rule 45, a court "must quash or modify a subpoena that: . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Rule 45(c)(3)(A)(iii), Fed. R. Civ. P.

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Rule 45(d)(2)(A).

The advisory committee's note to Rule 45(d) states that subparagraph (d)(2) corresponds to the similar requirements of Rule 26(b)(5), and "[i]ts purpose is to provide a party whose discovery is constrained by a claim of privilege . . . with information sufficient to evaluate such a claim and

4

to resist if it seems unjustified.  The person claiming a privilege . . . cannot decide the limits of that party's own entitlement." Fed. R. Civ. P. 45 advisory committee's note to 1991 Amendments. "The description of withheld materials is therefore a required element, and a claim of privilege made without the description of the materials is insufficient." 9 James Wm. Moore, et al., Moore's Federal Practice § 45.61[1] (3d ed. 2011).

**Discussion**

I.

This action arises under 28 U.S.C. § 1651, and the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Because this case arises under federal law, the federal law of privilege applies.  Hollins, 773 F.2d at 196.  In federal question cases,

> The common law–as interpreted by United States courts in the light of reason and experience–governs a claim of privilege unless any of the following provides otherwise:
>
> • the United States Constitution;
> • a federal statute; or
> • rules prescribed by the Supreme Court.
>
>  But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Rule 501, Federal Rules of Evidence.  Although Rule 501 is a rule of evidence and the current dispute concerns an issue of discovery through a Rule 45 subpoena, Rule 501 applies to all stages of all actions, cases and proceedings.  See Fed. R. Evid. 1101(c); see also Ray v. Winslow House, Inc., 1999 WL 33655723, at *1 (N.D. Iowa Jan. 15, 1999) ("[T]he federal law of privilege governs all claims of privilege raised in the litigation where the issue is the discoverability of evidence.").

Therefore, because this is a civil case in which federal law supplies the rule of decision, the Court must apply federal common law to RSRG's motion to quash.  Cf. In re Grand Jury Subpoena

Duces Tecum, 112 F.3d 910, 915 (8th Cir. 1997) (applying federal common law of attorney-client privilege in federal question case); In re Bieter Co., 16 F.3d 929, 935-36 (8th Cir. 1994) (same).

II.

RSRG moves to quash Baranski's subpoena on the basis that the documents it seeks are protected by the attorney-client privilege. RSRG concedes that "where a client claims ineffective assistance of counsel in a habeas proceeding, he waives the attorney-client privilege to the extent necessary for counsel to defend against the claim," Mot. to Quash at 2, but argues that such a waiver is limited to the habeas proceeding itself and does not extend to ancillary or unrelated proceedings. Id. Thus, RSRG asserts that "Carmi's failed habeas petition does not provide a legal basis on which Baranski can rely to obtain the materials he has subpoenaed." Id. at 3.

RSRG also asserts that Carmi's letters to Baranski and Baranski's investigator do not waive the attorney-client privilege because they primarily concern (1) an alleged promise by the government to file a Rule 35(b) motion in exchange for Carmi's testimony against Baranski, and (2) Carmi's claims that the Bureau of Prisons manipulated its findings as to his psychiatric condition to increase Carmi's value as a witness against Baranski. RSRG asserts that any attorney-client communications Carmi references in these letters were not privileged, because they were made in the presence of witnesses and thus were not conveyed in confidence and were never intended to fall within the ambit of attorney-client privilege. RSRG further asserts that Carmi's claims regarding the BOP and his psychiatric findings "do not undermine the attorney-client privilege, but rather the doctor-patient privilege," and do not reference any attorney-client communications.

Baranski responds that the motion to quash should be denied on several grounds. First, Baranski states that RSRG failed to comply with Local Rule 3.04(A), which provides that any motion relating to discovery and disclosure must contain "a statement that movant's counsel has conferred

6

in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but after sincere efforts to resolve their dispute, counsel are unable to reach an accord." Second, Baranski states that the motion to quash fails to comply with Rule 45(d)(2)(A)(i) and (ii)'s requirements because RSRG has not made an express claim of privilege with respect to each of the five categories of documents sought, and has failed to provide a privilege log. Baranski argues that the privilege claim is waived as a result. Finally, Baranski argues that Carmi waived the attorney-client privilege with RSRG because he voluntarily disclosed information to third parties concerning his attorney-client communications with RSRG, specifically in his § 1983 complaint and the letters to Baranski.

As a threshold matter, Baranski is correct that RSRG failed to comply with Local Rule 3.04(A), which requires a party to make a good faith effort to resolve a discovery dispute prior to filing a motion with the Court, and to detail that effort in the motion. The Court generally denies without prejudice non-compliant motions under Rule 3.04(A), but finds it is not appropriate or in the interests of judicial economy to do so in this instance.[4] Here, RSRG is not the holder of the privilege it asserts in the motion to quash. The privilege is held by RSRG's former client, James Carmi. See Schwimmer v. United States, 232 F.2d 855, 863 (8th Cir. 1956) ("The privilege . . . is one that exists for the benefit of the client and not the attorney.") (citation omitted). RSRG cannot waive the privilege for Mr. Carmi absent his authority to do so. See Kenneth S. Broun, McCormick on Evidence, § 93 (6th ed. 2006). As a result, any attempt by Baranski and RSRG to resolve the

---

[4]See Brannon v. Luco Mop. Co., 521 F.3d 843, 847 (8th Cir. 2008) (noting that district court "retains considerable discretion" over enforcement of local rules). "[I]t is for the district court to determine what departures from its rules may be overlooked." Silberstein v. IRS, 16 F.3d 858, 860 (8th Cir. 1994) (citations, internal quotation marks, and alteration omitted).

privilege issue without Mr. Carmi's involvement would likely be futile. The Court will not delay the proceedings to require RSRG to perform a useless act.

Baranski is also correct that RSRG has failed to comply with Rule 45(d)(2)'s requirements of an express assertion of privilege and the production of a privilege log. This is a more serious omission. A leading federal practice treatise explains the purpose and scope of the privilege log requirement as follows:

> The person claiming a privilege or work product protection cannot decide the limits of that party's own entitlement. As a result, Rule 45(d)(2) requires that the claim of privilege must be made "expressly," and must supply sufficient information for an evaluation of the claim. A party receiving a discovery request who asserts a privilege or work product protection but fails to disclose the nature of that claim and provide a description is at risk of waiving the privilege or protection. Courts consistently have held that such a party is required to produce a document index or privilege log, and that the failure to produce a log of sufficient detail constitutes a waiver of the underlying privilege or work product claim.

9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2464 (3d ed. 2011).

The Court cannot evaluate a claim of privilege where a subpoenaed party fails to produce a privilege log under Rule 45, and the party therefore fails to meet its burden to establish that the privilege applies. Fidelity Nat'l Title Ins., 2011 WL 2462048, at *3. "The operative language [of Rule 45(d)(2)] is mandatory and, although the rule does not spell out the sufficiency requirement in detail, courts consistently have held that the rule requires a party resisting disclosure to produce a document index or privilege log. A party that fails to submit a privilege log is deemed to waive the underlying privilege claim." In re Grand Jury Subpoena, 274 F.3d 563, 575-76 (1st Cir. 2001) (internal citations omitted).

RSRG is not excused from Rule 45(d)(2)'s requirements even though it is not the holder of the privilege. The Court concludes that RSRG has not met its burden to adequately assert the attorney-client privilege because it failed to expressly assert the privilege with respect to each

category of documents, and to provide a privilege log. Nonetheless, because RSRG is not the holder of the privilege and cannot waive it for Mr. Carmi without his consent, it is not appropriate to deny the motion to quash based on RSRG's failure to comply with Rule 45(d)(2).

Rule 45's privilege log requirement establishes a procedure by which Baranski may seek to obtain the subpoenaed information by filing a motion to compel compliance with the subpoena after review of the privilege log. Therefore, the Court will order RSRG to produce a privilege log that details the nature of each document or communication responsive to Baranski's subpoena, without revealing information that is itself privileged, sufficient to enable Baranski and the Court to assess the validity of the privilege claim as to each document or communication. See Rule 45(d)(2)(A)(ii).

III.

Finally, the Court addresses Baranski's assertion that Carmi has waived the attorney-client privilege by filing the § 1983 action against Rosenblum and Rogers and by virtue of the letters Carmi sent to Baranski and his investigator. It is undisputed that a "client may waive the attorney-client privilege, and may do so either expressly or by implication." Hollins, 773 F.2d at 196. "Attorney-client privilege is generally waived by the disclosure of confidential communications to any third parties[.]" McDonnell Douglas Corp. v. United States E.E.O.C., 922 F. Supp. 235, 242 (E.D. Mo. 1996). The Eighth Circuit has stated,

> Voluntary disclosure is inconsistent with the confidential attorney-client relationship and waives the privilege. A claim that a need for confidentiality must be respected in order to facilitate the seeking and rendering of informed legal advice is not consistent with selective disclosure when the claimant decides that the confidential materials can be put to other beneficial purposes.

In re Grand Jury Proceedings Subpoena (Wine), 841 F.2d 230, 234 (8th Cir. 1988) (internal citation, quotation marks, and quoted case omitted).

The burden of proving waiver of the attorney-client privilege is on Baranski as the proponent of the privileged evidence.  See 26A Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5733 (1992); 6 Moore's Federal Practice § 26.47[1][a].  In evaluating a potential waiver, the Court is mindful that the attorney-client privilege covers only communications, and not their informational content.  "Discussing the underlying facts of a privileged communication does not by itself waive the privilege."  6 Moore's Federal Practice, § 26.49[5][a]; see also Charles Woods Tel. Corp. v. Capital Cities/ABC, Inc., 869 F.2d 1155, 1162 (8th Cir. 1989) (applying Missouri law; holding attorney-client privilege was not waived where television network witness testified generally about effects of merger without mentioning particular privileged communications).

The Court concludes that Baranski has not met his burden to establish Carmi's waiver of the attorney-client privilege at this point.  Baranski makes the conclusory assertion that Carmi waived the privilege and refers generally to Carmi's § 1983 action and the letters.  Baranski has not, however, identified any particular statements in the letters or the § 1983 action as disclosing confidential communications, or explained how Carmi's statements waive the privilege with respect to the specific information sought by the Rule 45 subpoena.  Further, Baranski has not cited case law or other relevant authority to establish (1) that if Carmi waived the attorney-client privilege in his § 1983 case, such waiver properly applies to the instant case; and (2) the scope of any waiver, i.e., if Carmi waived the privilege as to one subject, for example, the Rule 35(b) offer, the privilege is waived as to all other subjects included in the subpoena.

Accordingly,

**IT IS HEREBY ORDERED** that the Court reserves ruling on non-party Rosenblum, Schwartz, Rogers, & Glass, P.C.'s Motion to Quash Keith Byron Baranski's Subpoena of November 26, 2011.

**IT IS FURTHER ORDERED** that Rosenblum, Schwartz, Rogers, & Glass P.C. shall produce a privilege log that details the nature of each document or communication responsive to Baranski's subpoena, without revealing information that is itself privileged, that is sufficient to enable Baranski and the Court to assess the validity of the privilege claim as to each document or communication.  The privilege log shall be produced within fourteen (14) days of the date of this order.

                                                                                        /s/ Charles A. Shaw
                                                                                        **CHARLES A. SHAW**
                                                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of February, 2012.

11