UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH BYRON BARANSKI, | ) |
| | ) |
| PETITIONER | ) |
| | ) NO. 4:11-CV-123 CAS |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| RESPONDENT | ) |

PETITIONER'S MOTION TO COMPEL COMPLIANCE WITH
THE SUBPOENA AND FOR ATTORNEYS FEES

COMES NOW Petitioner, Keith B. Baranski ("Baranski"), by counsel, and, pursuant to Fed. R. Civ. P. 37, 45, and 83 and E.D.Mo. L.R. 3.04(A) and 13.05(A), moves the Court to compel production of documents subject to the subpoena that are in possession of Rosenblum, Schwartz, Rogers & Glass P.C. ("RSRG"); and to require payment of Baranski's attorney's fees necessitated by preparation of this motion.

BACKGROUND

James M. Carmi ("Carmi") was the key witness testifying in Baranski's criminal trial, *United States* v. *Baranski*, 4:02-CR-361-CAS.  During his testimony, Carmi, who was represented by RSRG, denied that a promise had been made to him by the United States Attorney's Office ("USAO") to file a motion pursuant to Fed. R. Crim. P. 35(b) for reduction of his sentence.  He also testified that he had no mental impairment but on cross examination admitted to some mental/memory difficulties.  Based upon Carmi's testimony, Baranski was found guilty and sentenced to sixty months imprisonment,

three years supervised release, as well as forfeiture of his property.  After Baranski completed serving his sentence, Carmi alleged, in a series of letters to Baranski's investigator and in a civil action pursuant to 42 U.S.C. § 1983, that, prior to, and immediately after, his testimony against Baranski, there were numerous discussions between the USAO and RSRG, and that the USAO had promised to file a motion for reduction of Carmi's sentence in exchange for his testimony against Baranski.

On January 19, 2010, DEA Agent Dean Duke gave Baranski a copy of a letter from Carmi's co-counsel John Rogers of RSRG dated February 17, 2003, a copy of which is attached to Baranski's Verified Petition as Exhibit 1.  The letter states that, because the Government believed Carmi lied at Baranski's trial concerning a Rule 35(b) motion, the Government would not file a Rule 35(b) motion for Carmi.

On April 15, 2011, Carmi filed an action for damages pursuant to 42 U.S.C. § 1983 against his former counsel Scott Rosenblum and John Rogers of RSRG, and against, among others, former AUSA James Martin. *Carmi v. United States, et al.* Case No. 4:11-CV-00693 (E.D. Mo.).  The complaint alleged that USAO agents and employees, including former AUSA Martin, had suborned Carmi to commit perjury at Baranski's trial and, after Baranski's conviction, the USAO did not fulfill its promise to file a motion for reduction of Carmi's sentence.  Carmi also alleged that RSRG worked with the prosecution to further the prosecution's case against Baranski, and failed to secure the promised Rule 35(b) motion after Carmi testified.  The complaint was summarily dismissed by this Court.

Carmi also sent approximately ten handwritten letters to Baranski's investigator

Valerie Summer beginning in late December 2010.  Those letters, written in Carmi's own hand, detail his admission of perjury and claims of suborned perjury by the government at Baranski's trial.  The letters also discuss the promise of a Rule 35(b) motion, including multiple references to the letter from Carmi's counsel John Rogers of RSRG, dated 17 February 2003, as well as several other attorney-client issues not previously known and/or disclosed to Baranski's defense team.

On November 22, 2011, Richard E. Gardiner, one of Baranski's counsel, sent a courtesy letter to RSRG informing the firm that a subpoena for records was forthcoming. Exhibit A.  The letter stated in part that the subpoena would be requesting documents "related to the matters raised by Mr. Carmi's letters and pleadings." Further, the letter stated that "Mr. Carmi has, as to the statements made in his letters and pleadings, waived attorney/client privilege and that we are entitled to the documents requested."  The subpoena was served upon RSRG on December 1, 2011; the inspection of the documents within the scope of the subpoena was noticed for December 21, 2011. Exhibit B.  On December 17, 2011, without conferring with Baranski's counsel, RSRG filed a motion to quash the subpoena. (Doc. 33).  On January 12, 2012, Barnaski filed his opposition to motion to quash. (Doc. 38).  On February 9, 2012, the Court entered an Order requiring RSRG to file a privilege log (Doc. 42).

On February 23, 2012, RSRG filed a sealed response (Doc. 43) to the Order of the Court.  Baranski filed a motion on February 29, 2012, to unseal RSRG's response. (Doc. 44).  Thereafter, on March 5, 2012, the Court entered an Order requiring RSRG

to serve upon Baranski's counsel a copy of the sealed response. (Doc. 45). Subsequently, Baranski's counsel received what is purported by RSRG to be the privilege log that contains 48 line items identifying documents that RSRG believes are responsive to the subpoena but privileged.(Doc. 43).  RSRG has made a general and conclusory assertion on the attachment to the privilege log that each of the documents listed in the privilege log is "privileged and not subject to disclosure," and makes reference to its motion to quash subpoena. (Doc. 43, p. 2).  However, a glaring deficiency of the privilege log that is fatal to the claim of privilege is that RSRG has failed to state the type of privilege asserted for each document and to support such claims by required affidavits.  Moreover, RSRG has failed to utilize Bates-stamping and identify the number of pages in each document.

On March 21, 2012, to resolve any disputes in good faith without the Court's intervention, and to comply with E.D.Mo. L.R. 3.04(A), the undersigned sent a letter to RSRG by facsimile transmission, U.S. Mail and Electronic Mail.  The letter explained that, based on contents of the purported privilege log, it appeared that RSRG is in possession of records that support Baranski's claim concerning the offer of a Rule 35(b) motion and Carmi's mental impairment.  The letter also offered Baranski's willingness to accommodate RSRG through a mutually negotiated compromise that achieves the goal of discovery yet avoids encroaching upon the perceived privilege asserted.

On March 21, 2012, Attorney Adam D. Fein of RSRG responded by stating that "[D]espite Federal Rules of Criminal [sic] Procedure 37, 45, and 83 and local rules

3.04(A) and 13.05(A), the Missouri Bar informs me that I may not divulge client communications absent client permission." However, the letter mentioned that a letter had been sent to Carmi seeking his consent to release the material and, absent Carmi's consent, Baranski has to move for an order compelling their release.[1]

## ARGUMENT

The Court should deny RSRG's motion to quash and grant Baranski's motion to compel production of documents that are subject to subpoena and in the possession of RSRG. The proponent of privilege has the burden of establishing *each element* of privilege by preponderance of the evidence. *See Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 601 (8th Cir. 1978) (en banc); *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985). Moreover, the burden would not shift whether the proponent is the client, client's attorney, or a third party. *See Towers Financial Corp. v. Solomon,* 1991 WL 192211 (N.D. Ill. 1991); *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734 (Fed. Cir. 1987).

At the outset, it should be noted that the chronology shown on the privilege log seems to corroborate events as they were described by Carmi in his letters to Valerie Summer. Moreover, based on Carmi's letters, RSRG has conceded that communications concerning a promise of the Rule 35(b) motion between AUSA Poehling, AUSA Martin and RSRG, and similar communications between RSRG and Carmi, are *not* protected by the attorney-client privilege:

---

[1]. The letter to Carmi was sent to Carmi's former residence address. Surely RSRG knew that Carmi was still incarcerated and where he was incarcerated.

"First, according to Carmi, former United States Attorney James Martin ("Martin") and former Assistant United States Attorney Richard Poehling ("Poehling") promised to file a Rule 35(b) motion on his behalf in exchange for his testimony against Baranski. To the extent Martin or Poehling did so, however, their statements were never privileged because neither Martin nor Poehling ever represented Carmi. Carmi also claims that Rogers and his partner, Scott Rosenblum ("Rosenblum"), conveyed this same promise to him. Assuming they did, though, their communications were not privileged either. Carmi's own letters suggest that Rogers and Rosenblum conveyed these alleged promises to Carmi in the presence of ten (10) or so witnesses, all friends or family of Carmi. *Thus, according to Carmi, Rogers and Rosenblum's alleged communications were not conveyed in confidence and were never intended to fall within the ambit of attorney-client privilege.*" (Doc. 33, ¶ 9)(emphases added).[2]

Accordingly, there is no reason for RSRG to withhold the documents memorializing discussions of a Rule 35 motion and to include them on the privilege log.[3]  The Court should order RSRG to produce documents identified

---

[2]  Carmi's letter to Baranski dated January 18, 2011 stated: "My brother knows of the Rule 35, Guy Carmi 3146518622. He spoke with Rosenblum several times in regards to this." (Doc. 9-7).

[3]  The following documents from the Privilege Log concern the Rule 35 Motion:

| | | |
|---|---|---|
| a. | 03/20/2002 | Letter from Scott Rosenblum to James Carmi regarding Rule 35. |
| b. | 05/03/2002 | Letter from John Rogers to James Carmi regarding Rule 35. |
| c. | 12/02/2002 | Letter from James Martin to John Rogers regarding Rule 35 issues. |
| d. | 01/07/2003 | Letter from James Carmi to Scott Rosenblum regarding Rule 35 and medical issues. |
| e. | 01/09/2003 | Letter from James Martin to John Rogers regarding the failure of the government to file a Rule 35 with attached portion of transcript of James Carmi's testimony at the Baranski trial. |
| f. | 02/17/2003 | Letter from John Rogers to James Carmi discussing Rule 35 related meetings. |
| g. | 03/30/2003 | Letter from James Carmi to John Rogers and Scott Rosenblum regarding promise by Martin/Poehling and Rule 35. |
| h. | 01/30/2004 | Letter from James Carmi to Scott Rosenblum regarding cooperation. |
| i. | 03/04/2004 | Letter from James Martin to Scott Rosenblum regarding Rule 35 with attached letter from James Carmi to Scott Rosenblum (not dated). |
| j. | 01/09/2006 | Letter from John Schroeffer to James Carmi regarding continued   cooperation. |
| k. | 07/14/? | Phone message regarding mental health counseling. |
| l. | No Dates | 25-30 miscellaneous letters regarding a variety of issues, to include; trial testimony, Rule 35, medical conditions, and cooperation. |
| m. | No Date | Letter from James Carmi to Scott Rosenblum regarding release from Bureau of Prisons, Rule 35, and prior testimony. |

on the privilege log that include Rule 35 issues because those documents, as RSRG has expressly conceded, do not enjoy the protection of privilege.[4]

RSRG HAS FAILED TO SATISFY ITS BURDEN

This Court concluded that "RSRG has not met its burden to adequately assert the attorney-client privilege because it failed to expressly assert the privilege with respect to category of documents, *and* to provide a privilege log." (Doc. 42, p. 8-9). However, after the Court's stern notice requiring RSRG to produce a privilege log, again, RSRG failed to comply by asserting the type of privilege. Additionally, RSRG also failed to establish the elements of privilege for each document in the privilege log.

RSRG has simply made a general, blanket and conclusory assertion on the attachment to the privilege log that each of the documents listed in the privilege log is "privileged and not subject to disclosure," and has made a reference to its motion to quash subpoena. (Doc. 43, p. 2). However, the claim of privilege must be made and sustained on a document-by-document basis; a blanket assertion is not sufficient. *See U.S. v. Lawless,* 709 F.2d 485, 487, 13 Fed. R. Evid. Serv. 726 (7th Cir. 1983). Otherwise, the Court and Baranski would not be able to determine if each element of the privilege concerning each communication has been established by RSRG. *See, e.g., U.S. v. El Paso Co.*, 682 F.2d 530, 539, 11 Fed. R. Evid. Serv. 502, 34 Fed. R. Serv. 2d 918 (5th Cir. 1982). The court should not accept such paltry descriptions. *See Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 643 (S.D. N.Y. 1991).

---

[4] There is certainly no privilege with respect to the letters to and from AUSA Martin (items c, e, and i).

Accordingly, RSRG cannot succeed on its claim of privilege, even if Baranski had failed to present a basis for not recognizing the privilege. *See Hawkins v. Stables,* 148 F.3d 379, 383, 49 Fed. R. Evid. Serv. 1007 (4th Cir. 1998) ("the district court misplaced the burden in this case. The burden of proving that a communication falls under the attorney-client privilege rests on the proponent of the privilege."). It is only after a satisfactory showing of privilege has been made that the burden of overcoming the assertion of privilege shifts to the party seeking disclosure to show the privilege does not apply or has been waived. *See Perkins v. Gregg County,* 891 F.Supp. 362, 363 (E.D. Tex. 1995); *Cook v. Taser Intern., Inc.,* 2006 WL 1520243, at*2 (D. Nev. 2006).

## THE PRIVILEGE LOG FILED BY RSRG IS INSUFFICIENT

The privilege log provided by RSRG is insufficient to satisfy its burden because (i) RSRG has failed to establish each element of privilege with respect to each document, (ii) it lacks adequate information, and (iii) it is not supported by affidavits. The privilege log is the principle mechanism for itemizing the specific documents that are withheld. For each document withheld, it should state (a) the privileges that are being asserted, and (b) the author, ( c) the attorney and client involved, (d) the nature of the document, (e) all persons or entities *shown* on the document to have received or sent the document, (f) all persons and entities *known* to have received or sent the document, (g) all persons or entities *known* to have been furnished with the document or informed of its substance, (h) the date document generated, prepared or dated, and (i) the length of each document. *See Town of Winthrop v. F.A.A.,* 328 Fed. Appx. 1, 5

(1st Cir. 2009); *In re Grand Jury Investigation*, 974 .2d 1068, 1071, 36 Fed. R. Evid. Serv. 860 (9th Cir. 1992).

In the case at bar, RSRG has furnished dates for some documents and identified the remainder as "No Dates." From the 48 line items identified on the privilege log, not a single line shows the privilege asserted. While most documents identify the author, at least one document fails to do so. The subject document is identified as "25-30 miscellaneous letters regarding a variety of issues, to include; trial testimony, Rule 35, medical conditions, and cooperation." In light of the requirements of a privilege log articulated by *Town of Winthrop, supra*, RSRG's purported privilege log exhibits a blatant disregard of RSRG's duties by lumping together 25-30 "miscellaneous letters" particularly as some of those letters concern Rule 35, a topic with respect to which RSRG has conceded that privilege has been waived. Of course, as stated earlier, the claim of privilege must be made and sustained on a or document-by-document basis; a blanket assertion is not sufficient. *See U.S. v. Lawless,* 709 F.2d 485, 487, 13 Fed. R. Evid. Serv. 726 (7th Cir. 1983).

RSRG, without citing a single verifiable authority, claims that the Missouri Bar informed RSRG that it may not divulge client communications absent the client's permission. Using that blanket and unsubstantiated assertion as a shield, RSRG has withheld, and included in the privilege log, documents that RSRG knows do not enjoy the protections of privilege. Those documents include but are not limited to: two letters from Carmi to this Court dated April 5, 2010 and November 22, 2010; letters from Carmi to Baranski and/or his investigator Valerie Summer dated December 31, 2010; three

letters dated January 13, 2011; and two letters dated January 18, 2011.  As attorneys and a law firm, RSRG is charged with the knowledge of the law of privilege.  None of the above documents constitutes a communication between Carmi and RSRG, and, even if it were shown that the communications were between Carmi and RSRG, the claim of privilege still does not suffice because the circumstances indicating the intention of secrecy must appear.  *See Winchester Capital Management Co., Inc. v. Manufacturers Hanover Trust Co.,* 144 F.R.D. 170, 174, 24 Fed. R. Serv. 3d 348 (D. Mass. 1992).

As stated earlier, RSRG has the burden of establishing *each* element of privilege by a preponderance of the evidence.  *See Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 601 (8th Cir. 1978) (en banc); *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985).  The privilege applies only if the following elements are established: (1) the asserted holder of privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without presence of strangers ( c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.  *See Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 601, 23 Fed. R. Serv. 2d 1473, 24 Fed. R. Serv. 2d 1201 (8th Cir. 1978).  RSRG has failed to provide an adequate privilege log, much less established the elements of

privilege with respect to each document.

To rule on the applicability of privilege, the court must have a basis on which to weigh the merits of the assertions. RSRG should have provided the basis; it is not incumbent upon Baranski to show the claimed privilege is inapplicable. *Pullen v. Arrow Financial Services, LLC*, 2002 WL 32864712 at *4 (D. Conn. 2002). The information provided in the privilege log must be sufficient to enable the Court to determine whether each element of the asserted privilege is satisfied. *See Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 601 (8th Cir. 1978) (en banc); *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985); *Horton v. U.S.,* 204 F.R.D. 670, 673 (D. Colo. 2002); *See also McCoo v. Denny's Inc.,* 192 F.R.D. 675, 680 (D. Kan. 2000).

### RSRG FAILED TO SUPPORT ITS PRIVILEGE LOG BY AFFIDAVITS

RSRG cannot satisfy its burden by representations made in its supporting memoranda. *Brookshire Bros. Holding, Inc. v. Total Containment, Inc.*, 2006 WL 845731, at *3 (W.D. La. 2006). The burden is met through supporting affidavits from individuals with personal knowledge of the relevant facts. *See, e.g., Borase v. M/A COM, Inc.*, 171 F.R.D. 10, 15, 37 Fed. R. Serv. Ed 428 (D. Mass. 1997). Even the inspection of the disputed document in camera by the presiding judge is insufficient. *See Local 851 of Intern. Broth. of Teamsters v. Kuehne & Nagel Air Freight, Inc.*, 36 F. Supp. 2d 127, 129 n.2, 44 Fed r. Serv. 3d 565 (E.D. N.Y. 1998). (The burden may be satisfied only by an *evidentiary* showing supported by competent evidence...). "In camera examination by the Court of the document in question does not constitute an adequate or suitable substitute for such proof." *North American Mortg. Investors v.*

-11-

*First Wisconsin Nat. Bank of Milwaukee*, 69 F.R.D. 9, 12, 22 Fed. R. Serv. 2d 1012 (E.D. Wis. 1975).

A privilege claim is not self-executing and requires more proof than a conclusion by the party or his attorney asserting that it is justified. *See, e.g., In re French*, 162 B.R. 541, 546 (Bankr. D. S.D. 1994). Not only did RSRG fail to provide an adequate privilege log and identify the type of privilege asserted, it also failed to file the required affidavits with the privilege log. Accordingly, RSRG's claims should be denied for lack of evidentiary support. *See Zelaya v. Unicco Service Co.,* 682 F. Supp. 2d 28, 38-39 (D.D.C. 2010); *See also Hurt v. Philadelphia Housing Authority*, 1994 WL 263714, at *1 (E.D. Pa. 1994) (The court denied the claims because supporting affidavits had not been filed.). Here, RSRG made a conclusory assertion that the subpoenaed documents are privileged. However, as stated above, a general allegation of privilege is insufficient to satisfy RSRG's burden; RSRG should have provided enough information to enable a court to determine the facts which support the claim of privilege. *See e.g., In re Wirebound Boxes Antitrust Litigation*, 129 F.R.D. 534, 537 (D. Minn. 1990), order vacated in part on reconsideration, 131 F.R.D. 578 (D. Minn. 1990).

It should be noted that, as with the objection itself, the factual demonstration that the privilege claim is justified must also be made or the privilege will fail, even if RSRG *subsequently* demonstrates that the claim was valid. *See Peat, Marwwick, Mitchell & Co. v. West,* 748 F.2d 540, 542, 40 Fed. R. Serv. 2d 502 (10th Cir. 1984). Accordingly, since RSRG made a conclusory objection to disclosure of the subpoenaed documents and it failed to provide affidavits to demonstrate factually and justify, the existence of

privilege, the privilege must fail, even if RSRG can subsequently demonstrate that its claim was valid.

Pursuant to the provisions of Fed. R. Civ. P. 37, and E.D.Mo. L.R. 3.04(A), the undersigned counsel certifies that he has in good faith, made reasonable and sincere efforts to confer with RSRG by U.S. Mail, facsimile and Electronic Mail to resolve the dispute herein; but he was unable to reach an accord. Moreover, since RSRG has failed to met its burden of filing a privilege log that is compliant with the law, Baranski is unable to challenge the purported privilege asserted by RSRG with respect to Carmi's cooperation and his mental health records. Hence, Baranski reserves the right to supplement this brief should the Court decides to give RSRG one more opportunity to comply with the law by filing a complete and adequately supported privilege log.

## ATTORNEYS' FEES

Fed. R. Civ. P. 37(b) provides for sanctions for failure to comply with a Court Order. In fact, sanctions may be imposed for failure to comply with any discovery order, not just an order under Rule 37(a). *Buffalo Carpenters Pension Fund v. CKG Ceiling & Partition Co., Inc.,* 192 F.R.D. 95 (W.D. N.Y. 2000). In the case at bar, the Court issued two Order concerning the instant matter, first, on February 9, 2012, and the second, on March 12, 2012, requiring RSRG to produce a privilege log.(Doc. 42 & 45). In both instances, RSRG failed to comply with the clear orders of this Court; those failures have caused Baranski to incur substantial cost to prepare motions and have caused delays in obtaining records he is entitled to. (Doc. 44 & 54). Generally, the prevailing party in a motion to compel is entitled to recover its expenses, including

reasonable attorney fees. *See Kister v. District of Columbia*, 229 F.R.D. 326, 330 (D.D.C. 2005).  Additionally, the award of expenses by the Court is mandatory unless movant failed to confer with the respondent in good faith prior to filing the motion. *Board of Trustees of Leland Stanford Junior University v. Tyco Intern. Ltd.*, 253 F.R.D. 528 (C.D. Cal. 2008).

## CONCLUSION

WHEREFORE, Baranski prays that the Court grant his motion by issuing an Order requiring RSRG to release copies of the documents identified on the privilege log to Baranski. Additionally, Baranski prays that the Court grant his motion for costs and attorney's fees for bringing this motion by allowing counsel to file their respective affidavits.

                    Respectfully Submitted,

                    /S/ Saeid Shafizadeh
                    Saeid Shafizadeh, KY Bar #89045
                    Attorney at Law
                    P. O. Box 21244
                    Louisville, Kentucky 40221-0244
                    (502)363-0000
                    *Co-counsel for Petitioner*

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing motion was electronically served via the CM/ECF system on Adam D. Fein and John Rogers of RSRG, and Matthew T. Drake, Assistant United States Attorney, this April 9, 2012.

                                                        /S/ Saeid Shafizadeh