**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEITH BYRON BARANSKI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )      No. 4:11-CV-123 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

<u>**MEMORANDUM AND ORDER**</u>

This coram nobis matter is before the Court on petitioner Keith Baranski's motions for attorney's fees against non-party movant Rosenblum, Schwartz, Rogers, & Glass, P.C. ("RSRG"). The motions are fully briefed and ready for decision. For the following reasons, the first motion for attorney's fees will be granted, and the second motion will be denied.

**Background**

By Memorandum and Order dated February 9, 2012 (Doc. 42) (the "Order"), the Court addressed RSRG's motion to quash Baranski's Rule 45 subpoena duces tecum. RSRG asserted that the subpoena sought documents protected by the attorney-client privilege. In the Order, the Court found that RSRG failed to comply with Rule 45(d)(2)(A) of the Federal Rules of Civil Procedure when it filed the motion to quash, because it did not expressly assert the attorney-client privilege and did not produce a privilege log. As a result of RSRG's failure, the Court did not have an adequate basis to issue a ruling on the motion to quash and reserved ruling on the same.[1]

---

[1]As stated in the Order of February 9, 2012, RSRG's failure to comply with Rule 45 did not result in waiver of the attorney-client privilege because the privilege it was asserting belonged to its former client, James Carmi, and not to RSRG. RSRG's motion to quash the subpoena and Baranski's motion to compel compliance were subsequently denied as moot after Mr. Carmi formally waived the attorney-client privilege. <u>See</u> Order of May 15, 2012 (Doc. 74).

The Order directed RSRG to provide a privilege log in accordance with Rule 45, and quoted the Rule as follows:

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Rule 45(d)(2)(A).

> The advisory committee's note to Rule 45(d) states that subparagraph (d)(2) corresponds to the similar requirements of Rule 26(b)(5), and "[i]ts purpose is to provide a party whose discovery is constrained by a claim of privilege . . . with information sufficient to evaluate such a claim and to resist if it seems unjustified. The person claiming a privilege . . . cannot decide the limits of that party's own entitlement." Fed. R. Civ. P. 45 advisory committee's note to 1991 Amendments. "The description of withheld materials is therefore a required element, and a claim of privilege made without the description of the materials is insufficient." 9 James Wm. Moore, et al., Moore's Federal Practice § 45.61[1] (3d ed. 2011).

Order of Feb. 9, 2012 at 4-5.

The Court found that RSRG "failed to expressly assert the privilege with respect to each category of documents, and to provide a privilege log," id. at 8-9, and ordered RSRG to "produce a privilege log that details the nature of each document or communication responsive to Baranski's subpoena, without revealing information that is itself privileged, that is sufficient to enable Baranski and the Court to assess the validity of the privilege claim as to each document or communication." Id. at 9, 11.

On February 23, 2012, RSRG electronically filed its Sealed Response to Court Order ("Sealed Response") with an attached privilege log. The Sealed Response states in part,

> The log and this document have been filed under seal because, while counsel has made a conscientious effort to describe documents and communications in the log in a way that protects privileged information, counsel is wary of the concern that disclosing even the limited information in the privilege log could be interpreted as

a privilege violation.  For this reason, counsel objects to the release of any information in the privilege log except to the extent required and deemed appropriate by this Court.

       3. After again reviewing the documents in its file in preparing the privilege log, it continues to be the position of RSRG that each of the documents listed therein is privileged and not subject to disclosure in response to Baranski's subpoena, as argued more fully in RSRG's Motion to Quash Subpoena.

Sealed Response at 1-2 (Doc. 43).

On February 29, 2012, Baranski filed a Motion to Unseal Response and for Attorney's Fees. In the motion, Baranski stated that his counsel could not access the Sealed Response through the Court's electronic filing system, that counsel contacted the Clerk's Office to obtain a copy and was told the Sealed Response could not be accessed without a Court order because it was under seal, and then contacted attorney Adam Fein of RSRG to request a copy of the Sealed Response, but Fein refused.  Prior to preparing the motion to unseal, Baranski's counsel made several calls to the Clerk's Office and the Court and called and emailed RSRG's offices several times to obtain a copy of the Sealed Response, and finally spoke with RSRG attorney John Rogers, who refused to send a copy of the Sealed Response despite being reminded that the Court ordered RSRG to prepare and produce a privilege log "without revealing information that is itself privileged and sufficient to enable Baranski and the Court to assess the validity of the privilege claim as to each document or communication."[2]  Mot. to Unseal and for Atty Fees at 5-6 (Doc. 44).

Baranski's motion asked the Court to unseal the Sealed Response and to impose sanctions on RSRG under Rule 37(b), Fed. R. Civ. P., for its failure to comply with the Order by excluding Baranski's counsel from having the opportunity to assess the validity of the purported privilege

---

[2]The Court notes that in his attempts to contact the Court, Baranski's counsel was never able to reach chambers personnel, and only received information from Clerk's Office personnel.

claim, in contravention of the express language of the Order.  The motion noted that RSRG did not seek leave of Court to file its Sealed Response under seal as required by Court's Electronic Case Management/Case Filing ("CM/ECF") Administrative Procedures, nor did it ask the Court to review the Response in camera.

On March 5, 2012, the Court issued an order on Baranski's Motion to Unseal Response and for Attorney's Fees.  The Order stated that RSRG failed to comply with Section VI.B. of the CM/ECF Administrative Procedures because RSRG filed documents under seal but failed to serve a copy of the documents on opposing counsel by other means.  The Court ordered RSRG to file a certificate of service by the next day stating that it had served its Sealed Response on Baranski's counsel.  The Order also denied the motion to unseal response but stated that the motion for attorney's fees remained pending, and invited a response thereto by RSRG within the time allowed under the Local Rules and Rule 6(d), Fed. R. Civ. P.  RSRG did not file a response to the motion for attorney's fees.

On March 16, 2012, the Court issued an Order directing Baranski's counsel to file an affidavit setting forth the reasonable attorney's fees expended in preparation of the Motion to Unseal Response Docket No. 43 within ten days.  Baranski's counsel complied with the Order and filed a Notice of Compliance and Filing of Fee Declarations on March 23, 2012.  On April 5, 2012, RSRG filed an untimely combined response to Baranski's motion for attorney's fees and Notice of Compliance, and requested the Court to reconsider its order granting the motion for attorney's fees.[3]

---

[3]RSRG failed to recognize that the Court had not yet granted Baranski's motion for attorney's fees.

In the untimely Response, RSRG asserts that by filing its Sealed Response and not providing a copy to Baranski, it was fully complying with the Court's Order of February 9, 2012.  RSRG also asserts that its Sealed Response was "sufficient to enable [Baranski] to assess the validity of the privilege – provided this Court ruled, over [RSRG's] objection that disclosure of the [Sealed] Response was proper."  Response at 3 (Doc. 51).  RSRG also asserts that all it "has attempted to accomplish is to force [Baranski] to follow appropriate legal channels in receiving any arguably privileged information."  Id. at 4.  RSRG states that its Sealed Response was:

> filed under seal because, after consultation with a representative of the Missouri Bar, counsel for [RSRG] concluded that disclosing even the limited information in the privilege log could be interpreted as a violation of Movant's ethical duties.  At that time, upon advice of that bar representative, Movant filed the response under seal and objected to the release of any information in the privilege log–including to Petitioner Baranski–except to the extent required and deemed appropriate by this Court.
>
> . . . .
>
> Movant maintains that this filing is in compliance with the Court's Order that Movant should file a log that is "sufficient to enable Baranski and the Court to assess the validity of the privilege claim."  The log, as prepared, contains arguably privileged information, the disclosure of which could violate Movant's ethical duty to its client if not in response to an explicit court order.
>
> . . . .
>
> In an attempt to resolve this conflict of duties and based on the suggestion of the representative of the Missouri Bar contacted by undersigned counsel, Movant filed the privilege log under seal and did not serve a copy, until ordered by this Court, on Petitioner Baranski, nor on any other party.  In so doing, it was Movant's intent to protect any and all privileged information contained in the log, while enabling the Court to rule on the appropriateness of disclosure of the information therein to Petitioner Baranski, either upon Petitioner's motion to unseal or the Court's own motion.  In so doing, Movant maintains it fully complied with the Court's order.

Id. at 1-2.

**Discussion**

I.

The purpose of Rule 45's requirement of a privilege log is to allow the subpoenaing party whose discovery is restricted by a claim of privilege to evaluate whether the claim of privilege is justified, and to resist if it seems unjustified. See Advisory Committee Notes to 1991 Amendments to Rule 45; 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2464 (3d ed.). Rule 45(d)(2)(A) required RSRG to make an express claim of privilege and adequately describe the allegedly privileged materials to allow this evaluation to take place, without revealing privileged information in the process. To comply with Rule 45, the party claiming privilege must necessarily provide a copy of its privilege log to the subpoenaing party. Here, although RSRG filed a privilege log in response to the Order of February 9, 2012, the document was filed under seal and was not provided to Baranski's counsel.

The Court disagrees with RSRG's assertion that "it fully complied with the Court's order" by filing its Sealed Response and failing to provide Baranski with a copy. RSRG attempts to justify its failure to (1) file a privilege log in support of its motion to quash Baranski's subpoena as required by Rule 45(d)(2)(A); (2) comply with the Order of February 9, 2012 directing it to file a privilege log sufficient to enable the Court and Baranski to assess the claim of privilege, without revealing privileged information; (3) comply with the CM/ECF Administrative Procedures by serving a copy of the documents it filed under seal on the subpoenaing party; and (4) respond to Baranski's motion for attorney's fees, after having been specifically invited to do so, by asserting that its actions were done to meet ethical obligations, based on the advice of an unknown person at the Missouri Bar.

6

It is significant to the Court that RSRG's Sealed Response (Doc. 43) does not mention that RSRG consulted with anyone from the Missouri Bar, is not supported by an affidavit, and does not clearly and specifically disclose to the Court that it did not send a copy to Baranski and did not plan to do so until ordered by the Court. Instead, RSRG made the vague statement that it "objects to the release of any information in the privilege log except to the extent required and deemed appropriate by this Court." Sealed Response at 1-2.

RSRG's primary response to the motion for attorney's fees is that the Rules of Professional Conduct required it to wait for a Court order directing it to provide documents to Baranski pursuant to the subpoena. By virtue of this assertion, RSRG attempts to insert another step into Rule 45's procedure for the assertion of a privilege in response to a subpoena duces tecum, specifically that the Court review a privilege log before ordering it disclosed to the subpoenaing party. Such a requirement does not exist in the Rule. Rather, the burden was on RSRG to provide sufficient information to justify its claim of privilege, without revealing privileged information in the process.

Assuming for purposes of argument that an explicit Court order was required prior to RSRG's production to Baranski of a privilege log, that Order was issued on February 9, 2012. The Order directed RSRG to file "a privilege log that details the nature of each document or communication responsive to Baranski's subpoena, without revealing information that is itself privileged, that is sufficient to enable Baranski and the Court to assess the validity of the privilege claim as to each document or communication." Despite RSRG's numerous assertions to the contrary, there can be no doubt the Order of February 9, 2012 directed RSRG to provide a privilege log to Baranski in the manner required by Rule 45(d)(2)(A). As a result, its justification for failing to provide a copy to Baranski rings hollow.

7

In addition, RSRG's attorneys, including Mr. Fein and Mr. Rogers, have practiced before this Court for years and as such are required to be familiar with CM/ECF Administrative Procedures. As a result, the Court must assume RSRG knew that (1) it should have sought leave of Court to file its Response under seal, see CM/ECF Manual, § VI.B., although it failed to do so, and (2) when a document is filed under seal, a copy must be sent to opposing counsel by means other than service via the CM/ECF System, although it failed to do so.  Id.  It was misleading for RSRG to file its Response under seal, fail to send a copy to opposing counsel, and not explicitly state that (1) it had not complied with the requirement to send a copy to counsel, and (2) it did not intend to do so absent further order of the Court.

RSRG had other courses of action available to it.  RSRG could have sought leave to file its Response through CM/ECF ex parte, rather than under seal.  If the Response had been filed ex parte, only the Court would have had access to the documents and there would have been no question that Baranski's counsel had not received a copy.  See CM/ECF Administrative Procedures, § VI.C. RSRG could also have filed a motion for an in camera inspection of the documents.  The Court finds that RSRG's chosen course of action failed to comply with the Order of February 9, 2012, unnecessarily multiplied these proceedings, and was done in bad faith or, at minimum, with conscious disregard for the Court's orders and its electronic filing procedures.  RSRG's assertion that its actions were taken to "force [Baranski] to follow appropriate legal channels" is entirely unpersuasive.

RSRG contends that Baranski's request for attorney's fees is fatally flawed because Rule 37 is not applicable to this situation.  RSRG states that Rule 37 pertains to discovery and disclosure by parties, not to third-party subpoenas under Rule 45, and that Baranski should have filed a motion

for contempt under Rule 45(e).[4]  RSRG is correct that Rule 37 does not apply in this context, <u>see</u> <u>Fisher v. Marubeni Cotton Corp.</u>, 526 F.2d 1338, 1342 (8th Cir. 1975) (Rule 37 "has no application to a non-party's refusal to produce documents"), but the Court finds this procedural error is not fatal to Baranski's motion.

In <u>Fisher</u>, the Eighth Circuit stated that although the district court incorrectly relied on Rule 37(b) to impose sanctions on a non-party for failure to produce documents in response to a Rule 45 subpoena, the resulting contempt order that included costs and an award of reasonable attorney's fees of $719.05 "would undoubtedly have been the same had Rule 45(f) been considered."[5]  <u>Id.</u>  The Eighth Circuit stated it would have considered the error in applying Rule 37 to a non-party harmless but for the fact that the non-party was not given the opportunity to be heard in his own defense.  <u>Id.</u>  Although this statement is dicta, it is a statement from the Eighth Circuit Court of Appeals on the issue before this Court and therefore is instructive.  Here, RSRG has had notice and a full opportunity to be heard on the issue of whether an award of attorney's fees should be imposed against it for its failure to comply with the subpoena duces tecum.  The Court will therefore construe Baranski's motion under Rule 37 as a motion for contempt under Rule 45(e) or, in the alternative, as seeking sanctions under the Court's inherent authority.[6]

_____

[4]Rule 45(e) provides in pertinent part, "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."

[5]The 1991 Amendment to Rule 45 redesignated the contempt provisions formerly found in Rule 45(f) as Rule 45(e).  <u>See</u> 9A Wright & Miller, <u>Federal Practice & Procedure</u> § 2465 (3d ed.)

[6]The circumstances of this case tend to blur the lines between a failure to comply with the subpoena, which could subject RSRG to contempt under Rule 45(e), and failure to comply with the Court's orders, which could subject RSRG to sanctions under the Court's inherent authority.  The Court is also cognizant that although RSRG is not a party to this action, its attorneys are officers of this Court.  To the extent sanctions are not appropriate under Rule 45(e), the Court imposes them

RSRG asserts that even if Rule 37 applied, there should be no award of fees to Baranski because its actions were substantially justified, as RSRG was "attempting to avoid disclosure of arguably privileged information to [Baranski] based on a genuine dispute about the propriety of disclosing the information contained in Document 43 in the absence of the Order of this Court." Response at 4 (Doc. 51). The Court disagrees with this assertion for the reasons discussed above. The Court finds that an award of attorney's fees is appropriate here.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The Court should exclude hours that were not reasonably expended. Hensley, 461 U.S. at 434. The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed. Id. at 433. The lodestar formula is the "appropriate method for determining the attorney fee award in most cases." McClelland v. Life Ins. Co. of N. America, Nos. 10-3353/11-1300, __ F.3d __ (8th Cir. May 24, 2012).

Baranski's attorney Mr. Shafizadeh seeks reimbursement of 8.58 hours at the rate of $200 per hour, for a total of $1,716, and his attorney Mr. Gardiner seeks reimbursement of .6 hours at the rate of $300 per hour, for a total of $180. Both attorneys have submitted declarations signed under penalty of perjury pursuant to 28 U.S.C. § 1746 detailing their time expenditures.

RSRG contends that the "bulk" of Baranski's Motion to Unseal and for Attorney's Fees is a motion for attorney's fees, and the "portion that seeks the unsealing of the sealed document is a minimal part of the whole." RSRG does not identify specific time entries that it contends are

_____

pursuant to its inherent authority to enforce its orders.

attributable to the motion for attorney's fees rather than the motion to unseal.  RSRG does not identify any specific time entries as unreasonable or unnecessary, or challenge the hourly rate charged by Baranski's counsel.  The Court notes that the Motion to Unseal is seven pages long, plus a signature page, and that five and one-half of the seven pages concern unsealing the Sealed Response.  RSRG's assertion that the "bulk" of the motion concerns attorney's fees is incorrect.

RSRG also contends that all attorney time expended other than preparing the motion to unseal was spent "pursuing actions that [Baranski] would have been properly required to pursue anyway in seeking an Order requiring disclosure of the arguably privileged information." Response at 5 (Doc. 51).  This contention is based on RSRG's assertion "that it could not disclose the arguably privileged information in Document 43, in the absence of an explicit court order directing it to do so (or ruling that the information was not privileged), without violating its ethical obligation to its client, Mr. Carmi." Response at 3.

The flaw in RSRG's contention is that an explicit court order directing it to disclose a privilege log to Baranski was issued on February 9, 2012.  All attorney time Baranski expended in connection with trying to obtain the privilege log from RSRG would have been entirely unnecessary had RSRG complied with the Court's order.  Whether attorney time might have been required with respect to a subsequent motion to compel is a separate issue that is not relevant to the Court's determination of the appropriateness of the fee award with respect to Baranski's efforts to obtain RSRG's Sealed Response.

The Court finds it is appropriate to grant Baranski's first motion for attorney's fees based on RSRG's failure to comply with the subpoena, Rule 45(d)(2)(A, Fed. R. Civ. P., and the Court's Order of February 9, 2012.  The Court finds that the lodestar method is properly applied here, and

that Baranski incurred reasonable attorney's fees in the amount of $1,896 as a result of RSRG's actions.

II.

After Baranski obtained an order directing RSRG to provide a copy of the privilege log, he filed a motion to compel asserting that RSRG's privilege log was deficient because it failed to state the type of privilege asserted for each document, failed to adequately describe and identify each document, and failed to support its claims by required affidavits.  Mot. to Compel at 4, 8.  Although the motion to compel is moot, Baranski also sought attorney's fees under Rule 37 for preparation of the motion, based on RSRG's failure to comply with the Court's Orders of February 9, 2012 and March 5, 2012, which required it to produce a privilege log in conformance with Rule 45(d)(2)(A).

In its response to the Motion to Compel, RSRG argued that Missouri Rules of Professional Conduct 4-1.6 and 4-1.9 prohibited it from providing information relating to its representation of Mr. Carmi until the Court ordered it to do so, and that Baranski should have sought the subpoenaed materials from other sources.  RSRG Response at 3 (Doc. 59).  In addition to responding to the motion to compel, RSRG sought leave to supplement the record by filing an affidavit of attorney John Rogers explicitly asserting privilege claims on Mr. Carmi's behalf, and a privilege log cross-referenced to the affidavit.  RSRG Mot. to Supplement at 1 (Doc. 60).  Leave was granted for the filing.  See Docket Text Order of Apr. 23, 2012 (Doc. 64).

RSRG acknowledged that it "has not yet squarely and expressly asserted any privilege or offered evidence directed towards carrying any burden to establish a privilege," Response at 2, and stated that "[i]n preparing its response to Petitioner's Motion to Compel, RSRG became aware not only that it was proper for RSRG to raise Mr. Carmi's privileges in his absence and despite the

12

termination of its representation of him, but that it was obligated to do so." Id.  RSRG admits that it had not fully asserted the attorney-client and work product privileges in response to the subpoena "due to its misunderstanding of the propriety of its asserting the attorney-client privilege . . . and work-product privilege on [Mr. Carmi's] behalf."  Response at 6.  RSRG states "it was not at all clear to RSRG, who is no longer Mr. Carmi's attorney, until recently that it had any authority to act on his behalf in filing documents or making assertions of fact."  Id. (Doc. 59).

The issues presented by Baranski's second motion for attorney's fees are significantly different than those presented by the first motion.  RSRG's failure to provide an adequate privilege log to Baranski is a less serious failing than its failure to provide a privilege log at all despite having been specifically ordered to do so, and is not accompanied by any indicia of bad faith.  It is not uncommon that an assertion of privilege in response to a subpoena will give rise to a motion to compel further information or disclosure, and the mere filing of a motion to compel in this context does not require an award of attorney's fees.[7]  The Court notes that RSRG promptly sought to supplement its privilege log upon receipt of the motion to compel pointing out the deficiencies, and accepts RSRG's admission that it had not fully asserted the attorney-client privilege in response to the subpoena as a result of its failure to understand its authority and obligation to do so on its former client's behalf.

For these reasons, the Court will deny Baranski's second motion for attorney's fees in connection with its motion to compel.

---

[7]Cf. Rule 37(a)(5)(A), Fed. R. Civ. P., which requires an award of attorney's fees if a motion to compel is granted or requested discovery is provided after the motion is filed.  As stated above, Rule 37 does not apply to a non-party's refusal to produce documents.  Fisher v. Marubeni Cotton Corp., 526 F.2d at 1342.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Baranski's first Motion for Attorney's Fees is **GRANTED**, and that movant Rosenblum, Schwartz, Rogers, and Glass, P.C., shall pay the sum of One Thousand Seven Hundred Sixteen Dollars ($1,716.00) to attorney Saeid Shafizadeh, and the sum of One Hundred Eighty Dollars ($180.00) to attorney Richard Gardiner, within ten (10) days of the date of this Order, and file a Notice with the Court stating that it has done so.  [Doc. 44]

**IT IS FURTHER ORDERED** that petitioner Baranski's second Motion for Attorney's Fees is **DENIED**.  [Doc. 54]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of May, 2012.

14