## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KEITH BYRON BARANSKI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-123 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This is an action for a writ of error coram nobis to vacate petitioner Keith Baranski's judgment of conviction and sentence, and judgment of forfeiture, in United States v. Baranski, No. 4:02-CR-361 CAS (E.D. Mo.). The matter is before the Court on two motions filed by petitioner Baranski in a pro se capacity, although petitioner is represented by retained counsel. The first motion seeks leave of Court to file pro se, on the basis that Mr. Baranski's lead attorney withdrew from the case after becoming a judge, and his other attorney is "preoccupied with his caseload and unable to be serve [*sic*] as lead counsel for Baranski, however, he is serving as standby counsel until Baranski locates a capable replacement[.]" Mot. for Leave to File Pro Se at 1.

The second motion seeks leave of Court for Mr. Baranski, acting pro se, to file an amended petition for writ of error coram nobis. Accompanying the motion is a proposed amended petition with exhibits and an addendum. In the motion, petitioner states that he has learned through discovery that the government's key witness at trial, James Carmi, was not truthful in his testimony; that the government withheld records and information it was obligated to disclose to Baranski's criminal defense team, including over 100 documents that show concerted efforts by the government to deliberately withhold material exculpatory evidence and impeachment evidence; and that former Assistant United States Attorneys Richard Poehling and James G. Martin were untruthful in their

deposition testimony taken in December 2012, as verified by Carmi's sentencing transcript in a separate criminal case before the Honorable E. Richard Webber.  Baranski states that he "should be permitted to raise unpleaded issues by amending his Petition so it would confirm to the evidence discovered."  Mot. for Leave to Amend at 2.  Mr. Baranski cites Rule 15(a), Federal Rules of Civil Procedure, as providing that a court should grant leave to amend freely when justice requires.

The Court will deny both motions.  As a threshold matter, "There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel."  United States v. Agofsky, 20 F.3d 866, 872 (8th Cir. 1994).  The Eighth Circuit Court of Appeals has stated, "A district court has no obligation to entertain pro se motions filed by a represented party."  Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001); Agofsky, 20 F.3d at 872 (holding that a court commits "no error" in refusing to rule on pro se motions raised by a represented party).

Petitioner is represented by retained counsel in this matter, and his attorney has neither requested nor been granted leave to withdraw from the representation.  Petitioner does not allege the existence of a conflict with his attorney.  The Court finds that to permit petitioner to simultaneously represent himself and be represented by counsel would be untenable in this case, as it would necessarily raise a great risk of confusion, duplication, and other logistical difficulties.  Neither the Court nor opposing counsel, and even perhaps petitioner's own attorney, would know with whom to deal with respect to any given issue that might arise.  Petitioner's motion for leave to file in a pro se capacity will therefore be denied, and his motion for leave to file an amended petition for writ of error coram nobis will also be denied.

Overlooking for the moment the threshold procedural hurdle identified above, the Court notes there are other hurdles to the filing of the proposed amended petition. The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing

that the pleader is entitled to relief[.]" Rule 8(a)(2), Fed. R. Civ. P.  A complaint need only contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff need not provide specific facts in support of his allegations.  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).

The proposed amended petition violates Rule 8(a), as it is 133 pages long, consists of 466 numbered paragraphs and seventeen counts, and is accompanied by what appears to be well over 1,000 pages of exhibits and attachments.[1]  The proposed amended petition includes an exhaustively detailed recitation of factual evidence discovered during the pendency of this matter, and contains many quotations from letters, documents, records, trial testimony and deposition testimony. Because the proposed amended petition violates Rule 8(a), the Court would not permit its filing even if it had been submitted by Mr. Baranski's counsel.

Further, although Rule 15(a)(2) provides that leave to amend a complaint should be freely given "when justice so requires," several factors are relevant to a determination of whether leave should be granted, including (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile.  See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  There is no absolute right to amend a pleading.  Hammer v. City of Osage Beach, Mo., 318 F.3d 832, 844 (8th Cir. 2003).

---

[1]The box in which the proposed amended petition was delivered includes a United Parcel Service postage label stating that its contents weigh eighteen pounds.  The petition and its exhibits and addendum form a stack of paper almost six inches tall.

The Case Management Order that controls this case was issued on April 26, 2011, after the Amended Petition was filed, and does not contain any provision for the amendment of the pleadings. The Court has granted at least six motions by petitioner to continue the evidentiary hearing in this matter, which is set for February 12, 2014. Petitioner's request to amend his petition thus comes late in the day. Where a party seeks leave to amend his complaint after the deadline in the case management order has passed, Fed. R. Civ. P. 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). The Court does not believe this standard is met.[2]

For these reasons, Mr. Baranski's pro se motions will be denied. Mr. Baranski must appear in this case only through his counsel, unless counsel is given permission by the Court to withdraw from representation. The Clerk of the Court will be directed to retain but not file the proposed amended petition and all exhibits thereto for a period of thirty (30) days from the date of this Order. If Mr. Baranski wishes to have the proposed amended petition and exhibits returned to him, he must

---

[2]Although the proposed amended petition contains a great deal more factual detail than the Amended Petition and adds numerous counts, each count seeks the same relief as the Amended Petition: the vacation of Mr. Baranski's criminal judgment and judgment of forfeiture. The proposed amended petition is primarily based on the same grounds as the Amended Petition: alleged perjury by key witness James Carmi, primarily Carmi's denial of government promises made to him for a Rule 35 reduction in his sentence in return for his testimony against Mr. Baranski, and Carmi's testimony denying and minimizing his brain damage and resulting amnesia and memory loss, which would have been exculpatory evidence; the government's knowledge of and suborning of Carmi's perjury; the government's failure to disclose Carmi's perjury and the exculpatory evidence to the Court and to Mr. Baranski's trial counsel; and misconduct by ATF Agent Johnson in relying on evidence from Carmi to obtain the original search warrant, when the agent knew or should have known that Carmi's brain damage and resulting amnesia and memory loss made him an unreliable witness.

contact the Clerk and provide return postage costs, or pick up the documents, prior to the expiration of thirty days. Otherwise, they will be discarded.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Baranski's Motion for Leave of Court to File in *Pro Se* Capacity the Amended Verified Petition for Writ of Error Coram Nobis is **DENIED**. [Doc. 120]

**IT IS FURTHER ORDERED** that petitioner Baranski's Motion for Leave of Court to File an Amended Verified Petition for Writ of Error Coram Nobis is **DENIED**. [Doc. 121]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall retain the proposed amended petition and all exhibits thereto until Monday, **January 6, 2014**. If Mr. Baranski wishes to have these documents returned to him, he must contact the Clerk and provide return postage costs, or pick up the pleading, prior to that date. After January 6, 2014, the Clerk shall discard the proposed amended petition and exhibits by shredding them, without further order of the Court.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of December, 2013.