# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH BYRON BARANSKI, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 4:11-CV-123 CAS |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

This coram nobis matter is before the Court on a motion to quash the deposition subpoena issued to retired U.S. Probation Officer Raoul Williams, filed by movants the United States Probation Office for the Eastern District of Missouri and Mr. Raoul Williams. Petitioner Keith Byron Baranski ("petitioner") opposes the motion and it is fully briefed. For the following reasons, the motion to quash will be denied.

**Background**

The background of this action has been set forth in detail previously and will not be repeated here. See, e.g., Mem. and Order of Feb. 27, 2013 (Doc. 103). In brief, petitioner was convicted of conspiracy to defraud the United States in connection with false statements made on Bureau of Alcohol, Tobacco and Firearms ("ATF") forms related to imported machine guns. United States v. Baranski, 4:02-CR-361 CAS (E.D. Mo.). On March 14, 2011, petitioner filed his Verified Petition for Writ of Error Coram Nobis in this matter, asserting that his conviction was obtained through the false testimony of the government's key witness, James Carmi. On May 21, 2014, petitioner was granted leave to file a second amended Verified Petition for Writ of Error Coram Nobis that asserts additional claims.

On April 10, 2014, petitioner issued a deposition subpoena to former Probation Officer Williams. The Touhy[1] statement attached to the subpoena indicates that Mr. Williams' testimony is sought about, among other things, the following matters alleged to have occurred while James Carmi was under Mr. Williams' supervision:

a. conversations between P. O Williams and Mr. Carmi;

b. conversations between P. O. Williams and Mr. Carmi's therapists; and

c. Mr. Carmi's contact with other law enforcement agencies, such as ATF and DEA.

**The Parties' Positions**

Movants seek to quash the deposition subpoena issued to Mr. Williams, arguing that because United States Probation Office files are confidential court records compiled in the course of fulfilling court-ordered responsibilities, it follows that the testimony of a probation officer regarding information and communications exchanged during the probation period would also be confidential.

Movants state that under Local Rule 13.01, records created and maintained by the Probation Office are subject to disclosure only by order of the Court after a movant has demonstrated a need for specific information contained in the records, and argue that this restriction would logically also apply to the subpoenaed testimony of a probation officer. Movants contend that petitioner has not shown a compelling need for the Mr. Williams' deposition testimony on matters related to Mr. Carmi's probation, and that the Court has not issued an order authorizing that testimony. Movants contend that because the Court previously ordered the production of certain redacted portions of Mr. Carmi's probation file. (Doc. 104), there is no need for petitioner to take Mr. Williams' deposition, as his testimony would merely be cumulative or duplicative of what has already been produced.

---

[1] United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), and the regulations promulgated pursuant thereto by the Department of Justice. See 28 C.F.R. §§ 16.21, et seq.

2

Movants argue, too, that if petitioner plans to question Mr. Williams on matters regarding Mr. Carmi's Probation file beyond that which the Court ordered produced, such inquiry would involve confidential matters not subject to disclosure and would violate the Court's previous Order and Local Rule 13.01.

Finally, movants assert that the information about which petitioner seeks to depose Mr. Williams is available from other sources – specifically Mr. Carmi. Movants state that availability from other sources of the information sought is a key factor in determining whether confidential probation records should be disclosed.

Petitioner initially responds that the motion to quash should be denied as procedurally defective because movants failed to comply with the good-faith effort to resolve requirement of Local Rule 3.04(A), and the motion is untimely. Petitioner also asserts that the motion fails on the merits, because (1) the Court has previously found that petitioner made a showing of compelling need for the production of Probation Office records without objection by the government, so petitioner has also made a showing of compelling need to depose Mr. Williams; (2) the fact that petitioner has obtained some Probation Office records of Mr. Carmi's supervision does not obviate his need to ask questions of Mr. Carmi's supervising probation officer to obtain additional information based on those records; (3) the subpoena is consistent with and does not go beyond the contents of the previously disclosed Probation Office records, so the government's assertion that petitioner is seeking information beyond that previously ordered disclosed is without merit; and (4) Mr. Carmi did not write the Probation Office reports nor was he assigned as his own probation officer, and given that the core of petitioner's claims is that Carmi was *untruthful* in his testimony and the offer of a Rule 35 motion by the government, the government's implication that Mr. Carmi's

3

testimony is an alternative source for the testimony of the federal probation officer who authored the records is meritless.

Movants reply, among other things, that petitioner's argument concerning a showing of compelling need is circular because he cannot claim he has a "compelling need" for information he already possesses. Movants explain that because petitioner already has, in documentary form, the "very same information he seeks to obtain by deposing Raoul Williams, Petitioner's need for Raoul Williams' deposition can hardly be classified as 'compelling.' Duplicative and cumulative, yes. Compelling, no." Reply at 4.

**Discussion**

It is not necessary to address petitioner's procedural challenges to the motion to quash, as the Court concludes the motion should be denied on the merits. In this unusual case, after recognizing the confidential nature of Pretrial Services and Probation Office records and considering the law concerning release of such records, the Court found that petitioner made a showing of compelling need for the production of certain limited portions of Mr. Carmi's supervision and Pretrial Services records.[2] See Mem. and Order of Feb. 27, 2013 at 7-8. The Court described these

---

[2]The records sought by petitioner were:

> any document in the custody of Pretrial Services and the United States Probation Office located in St. Louis, Missouri concerning: 1) an agreement by James M. Carmi to cooperate with the government; 2) a reduction in sentence for Carmi pursuant to U.S.S.G. § 5K1.1 or Rule 35; 3) perjury by Carmi; 4) suborning of perjury by Carmi; and 5) employment, potential employment, or attempted employment of Carmi by the United States as a confidential informant. This motion includes documents prepared by, and sent to, Susan McGuire, William Brown, or any other therapist. Carmi has signed DOJ Form 361 (Certification of Identity) authorizing the release to Baranski and [his] counsel of Carmi's Pre-Trial Services and U.S. Probation Offices records.

Baranski Mot. to Release at 1.

4

records as "highly material to the ultimate resolution of this matter," and determined they could not be obtained from any other source. Id. at 9. Following *in camera* review, the Court ordered the disclosure of certain redacted documents that it identified as responsive to petitioner's request. See Mem. and Order of Mar. 13, 2013 (Doc. 104).

The Court continues to recognize the confidential nature of Pretrial Services and Probation Office records, the vital mission of those offices, and the need to ensure that Pretrial Services clients and Probation Office supervisees are able to fully disclose information to their pretrial services or probation officers in confidence.[3] For purposes of this opinion, the Court finds that the "compelling need" standard is appropriately applied to the determination of whether petitioner may take the deposition of former Probation Officer Williams.

The Court finds that petitioner has established a compelling need to take Mr. Williams' deposition. Movants' argument that Mr. Williams' testimony would merely be cumulative or duplicative of the Probation Office records that have been produced is not persuasive. The portions of Mr. Carmi's records that the Court ordered released are clearly germane to the issues presented in this case. The records do not speak for themselves, as they are summary notes and not narrative statements of the topics listed in petitioner's Touhy statement. The Court notes that former Probation Officer Williams had a much different focus and purpose in carrying out his duties of supervising Mr. Carmi following his release from incarceration, than petitioner presently has in attempting to establish facts to support his coram nobis petition. Petitioner argues convincingly that he must depose Mr. Williams to fully understand and possibly clarify the records, and to determine if Mr. Williams has relevant information beyond that memorialized in the records, with respect to

---

[3]It is therefore significant that Mr. Carmi voluntarily waived any and all privacy rights and interests in his pretrial services and supervision records.

5

the Touhy statement topics. Finally, movants' assertion that Mr. Carmi is an alternative source for the information petitioner seeks is meritless. As petitioner observes, Mr. Carmi did not supervise his own probation, and key disputed issues in this case concern Mr. Carmi's truthfulness, his memory, and the effects of the alleged brain damage he suffered as a result of trauma.

**Conclusion**

For the foregoing reasons, the Court concludes that movants' Motion to Quash the Deposition Subpoena of Raoul Williams should be denied, and that Mr. Williams should be required to appear for deposition in this matter and answer petitioner's questions on the topics set forth in the Touhy statement attached to the deposition subpoena previously issued to him. Petitioner's request for attorney's fees in connection with his opposition to the motion to quash is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Quash Deposition Subpoena of Raoul Williams, filed by movants United States Probation Office for the Eastern District of Missouri and Raoul Williams, is **DENIED**. [Doc. 129]

**IT IS FURTHER ORDERED** that former U. S. Probation Officer Mr. Raoul Williams shall appear for deposition in this matter and answer petitioner's questions on the topics set forth in the Touhy statement attached to the deposition subpoena previously issued to him.

_____
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this __17th__ day of June, 2014.