UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH BYRON BARANSKI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11-CV-123 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter is before the Court on the government's Response (Doc. 220) to the Court's Order of June 26, 2015 (Doc. 219), and petitioner's Response to the Government's Response (Doc. 221).

**Background**

The Memorandum and Order of June 3, 2015 (Doc. 214) (the "Order") directed petitioner Keith Baranski to either return to the government or destroy all copies of the following documents listed in Government Exhibit I: Documents 2, 4, 32, 36-38, 42, 43-49, and 55-58 (collectively the "Protected Documents"), as these documents were prohibited from disclosure as tax return information under 26 U.S.C. § 6103. See Order at 13-21, 40. The Court also ordered petitioner to "take reasonable steps to retrieve any copies of the documents that [he] provided to anyone else;" and to "not use or disclose any information gained from those documents for any purpose." Id. at 40.

Petitioner filed a Notice of Compliance and declarations of petitioner and his counsel in response to the June 3, 2015 Order. Counsel's declaration states that he destroyed physical and digital copies of the Protected Documents, provided a copy of the Order to petitioner's former counsel, and will ensure that any copies of the Protected Documents located in the future are

destroyed in accordance with the Order. Petitioner's declaration states that (1) he contacted Key Evidence, the third-party copy center that photocopied documents he provided to the government in discovery, informed Key Evidence of the Order and directed it to destroy all documents in any form in which they existed; (2) Key Evidence stated it has destroyed all documents and that the only entity it provided copies to was the U.S. Attorney's Office; and (3) petitioner is manually reviewing the documents returned to him by Key Evidence and is destroying the Protected Documents.

Petitioner's Notice of Compliance also sought the Court's guidance concerning (1) the removal from deposition transcripts of references to the Protected Documents; and (2) his obligation concerning copies of the Protected Documents "that may have been produced by [non-party James] Carmi's former counsel." Notice of Compliance at 2. The Court then invited the parties' suggestions with respect to these issues in the Order of June 26, 2015.

As to deposition transcripts, the government asks that petitioner be ordered to:

1. Identify his references to the Protected Documents in deposition transcripts, as the government is aware of only one such reference, in the deposition of ATF Agent Johnson at pages 84-86 of the deposition transcript;

2. Mark pages 84-86 of Agent Johnson's deposition transcript as "Privileged - Subject to Protective Order;"

3. Contact the court reporting service that prepared the transcript of Agent Johnson's deposition, notify it of the Order of June 3, 2015, and ask it to review its files for any copy of Document 32 (marked as Exhibit 11 in the Johnson deposition), and return any such copy to petitioner's counsel to be destroyed;

4. Ask the court reporting service whether any third party has sought a transcript of Agent Johnson's deposition and/or Exhibit 11 thereto; and

5. Provide the court reporting service with a copy of any subsequent Court order (such as an order requiring the pages of Agent Johnson's deposition transcript to be marked "Privileged - Subject to Protective Order") and instruct it to "acknowledge receipt and understanding of such Order."

Petitioner responds that the "government has . . . set forth a litany of demands including requiring non-parties to provide declarations. As such, Baranski objects to such requirements [e]specially when compliance with the spirit of the Order has been achieved in most parts." Pet.'s Response at 1. Petitioner does not, however, offer any competing suggestions for Court action on his first request for guidance. Petitioner therefore does not assist the Court in resolving the issue he has brought before it.

As to petitioner's responsibility for documents possibly produced by James Carmi's former counsel, the government states:

> Respondent is not clear to whom Baranski is referring as "Carmi's former counsel." As set forth in the attached declaration, counsel for Respondent is not aware of any documents produced to Mr. Carmi, his current counsel or his former counsel other than the publicly available pleadings in this case. (Declaration of AUSA Moore, Exhibit 220-A). Respondent requests that Petitioner and his attorney be required to testify via declaration regarding whether either one of them provided copies of the Protected Documents to Mr. Carmi, his current or former counsel or any other person (other than employees of Petitioner's attorneys). In addition, if either Petitioner or his counsel have provided copies of the Protected Documents to anyone other than his counsel's employees, they should be required to provide a detailed declaration stating who was provided the copies, when they were provided such copies and what efforts have been taken to ensure that such copies have been returned and destroyed. (See ECF No. 214 requiring Petitioner to take reasonable steps to retrieve any copies of the documents that Petitioner provided to anyone else).

Gov't Response at 3.

In response, petitioner states:

> the United States as part of discovery material had provided Mr. Carmi's former counsel copies of the letter from the ATF's NFA Branch concerning the firearms registered to Vic's Gun Corporation that included some serial numbers. When Mr. Carmi authorized his former counsel to release his file to Baranski, those documents were included in the released material. It should also be noted that when Baranski's Notice of Compliance (DN 216) was filed those records among many more had been delivered to a third party contractor to copy the same on behalf of and in response to a Request for Production of Documents by the government. While those documents were delivered in segregated boxes to the contractor, they are now returned in mixed batches and Mr. Baranski is going through thousands of pages to

3

locate those documents.[1]  That's why the question was raised as to whether the privilege also attaches to copies of documents that were released by the government to Mr. Carmi's former counsel and subsequently released to Baranski.  Though Baranski is aware of his obligations pursuant to the Order of June 26, 2015 (DN 219).

Pet.'s Response at 2-3.

**Discussion**

I.

With respect to deposition transcripts, the parties will be ordered to mark pages 84-86 of ATF Agent Michael Johnson's transcript as "Privileged – Subject to Protective Order."  Petitioner will be ordered to provide a copy of this Order to Midwest Litigation Services ("MLS"), the court reporting service that transcribed Agent Johnson's deposition taken September 16, 2014, and direct MLS to (1) mark pages 84-86 of Agent Johnson's deposition transcript (in each format in which MLS retains the transcript) as "Privileged – Subject to Protective Order"; (2) return to petitioner's counsel for destruction any physical copies of Protected Document No. 32 (marked as Exhibit 11 to Agent Johnson's deposition) that MLS may possess; and (3) delete or destroy any digital copies MLS may have of Protected Document No. 32 (marked as Exhibit 11 to Agent Johnson's deposition).  Petitioner's counsel shall file a declaration within fourteen (14) days of the date of this Order that details his compliance with this paragraph.

The government does not provide any support for the proposition that a third party would be able to obtain a copy of the Johnson deposition transcript or exhibits thereto from MLS, and the

---

[1] Petitioner does not identify by date, author, or document number the letter to which he refers in the first sentence quoted above, or identify the documents encompassed by his generic references to "those records" and "those documents" in subsequent sentences.  Petitioner's failure to clearly identify the documents he is discussing causes unnecessary confusion.

Court does not believe this could occur. Therefore, it declines to order petitioner to make inquiry of MLS in this regard, but the government is free to do so.

If either party determines that any other deposition transcript in this case mentions a Protected Document or information gained therefrom, or that a Protected Document was marked as an exhibit to a deposition, counsel for that party shall immediately provide a copy of this Order to the court reporting service that transcribed the deposition and direct it to comply with the terms of the foregoing paragraph as to the transcript pages and/or Protected Documents at issue. Counsel shall file a declaration with the Court that details compliance with this Order within fourteen (14) days of providing the Order to the court reporting service.

II.

With respect to petitioner's request for guidance concerning his responsibility for documents previously produced by the government to James Carmi's former counsel, the Court interprets petitioner's reference to "Carmi's former counsel" as meaning the attorneys at the firm of Rosenblum, Schwartz, Rogers & Glass, P.C. ("RSRG") who represented James Carmi during his criminal prosecutions.

The answer to petitioner's inquiry, "whether the privilege also attaches to copies of documents that were released by the government to [RSRG] and subsequently released [by RSRG] to Baranski," Pet's Response at 2, is yes. As discussed in the Order of June 3, 2015, the privilege is created by statute. The privilege attaches to all copies of the Protected Documents that were inadvertently produced by the government. Petitioner must comply with the Court's orders with respect to any copies of the Protected Documents that come into his possession, from any source.

The Court declines the government's request to order petitioner and his counsel to submit declarations with respect to whether they have provided copies of the Protected Documents to

5

anyone other than petitioner's counsel's employees. The Order of June 3, 2015 requires petitioner and his counsel to "take reasonable steps to retrieve any copies of the documents that petitioner provided to anyone else." Order at 40. The Court presumes that petitioner and his counsel are fully aware of their obligations to comply with the Court's orders, and their declarations appear to indicate they have complied with the Order of June 3, 2015 and will continue to do so.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall mark pages 84-86 of the transcript of ATF Agent Michael Johnson's transcript as "Privileged – Subject to Protective Order."

**IT IS FURTHER ORDERED** that petitioner shall provide a copy of this Order to Midwest Litigation Services ("MLS"), the court reporting service that transcribed ATF Agent Michael Johnson's deposition taken September 16, 2014, and direct MLS to (1) mark pages 84-86 of Agent Johnson's deposition transcript (in each format in which MLS retains the transcript) as "Privileged – Subject to Protective Order"; (2) return to petitioner's counsel for destruction any physical copies of Protected Document No. 32 (marked as Exhibit 11 to Agent Johnson's deposition) that MLS may have; and (3) delete or destroy any digital copies MLS may have of Protected Document No. 32 (marked as Exhibit 11 to Agent Johnson's deposition). Petitioner's counsel shall file a declaration within fourteen (14) days of the date of this Order that details his compliance with this paragraph.

**IT IS FURTHER ORDERED** that if either party determines that any other deposition transcript in this case mentions a Protected Document or information gained therefrom, or that a Protected Document was marked as an exhibit to a deposition, counsel for that party shall immediately provide a copy of this Order to the court reporting service that transcribed the deposition and direct it to comply with the terms of the foregoing paragraph as to the transcript pages and/or Protected Documents at issue. Counsel shall file a declaration with the Court that

details compliance with this Order within fourteen (14) days of providing the Order to the court reporting service.

**IT IS FURTHER ORDERED** that petitioner shall comply with the terms of this Order and the Memorandum and Order of June 3, 2015, with respect to any Protected Documents that are in his possession or come into his possession, from whatever source.

**IT IS FURTHER ORDERED** that all persons or entities to whom a copy of this Order is delivered shall comply with its terms and shall refrain from any disclosure or use of the information they have gained as a result of disclosure to them of the Protected Documents.

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of July, 2015.