# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH BYRON BARANSKI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-123 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on review of petitioner Keith Byron Baranski's Notice and Certificate of Service (Doc. 258). Petitioner states that in compliance with docket text order 245, he sent by email to counsel for the government "a copy of the subsequent revised draft of the original Opposition that was substantially the same as the original along with copies of original attachment and Motion For Leave to File Under Seal." Petitioner continues, "Of course, following the Court's Order of November 17, 2015, (DN. 246), the documents originally filed are now available on PACER to authorized entities."

Petitioner's response discloses a fundamental misunderstanding concerning sealed documents in the CM/ECF electronic case filing system that must be corrected. Petitioner confuses sealed documents with the separate category of documents that are not filed under seal, but to which access is limited (e.g., to Court users and case participants). The Court's Administrative Procedures for Case Management/Electronic Case Filing explicitly state that access to sealed documents is limited to Court users only:

> **Electronic Notice and Access to Sealed Filings; Service**.
> Upon filing a sealed motion or document, electronic notice goes ONLY to the attorneys of record and indicates the document number; however, the document IS NOT accessible from the Notice of Electronic Filing (NEF). The docket entry appears for court users and all attorneys of record active in the case. ONLY Court

users CAN ACCESS OR VIEW the document from the system. The docket text will read "SEALED MOTION" or "SEALED DOCUMENT."

**PLEASE NOTE**: The attorney filing the sealed motion or sealed document will have to serve opposing counsel by other means as service will not occur via the CM/ECF System.

Admin. Proc. for CM/ECF, § VI.B. at 20. Thus, petitioner's opposition to the government's Motion for Summary Judgment, filed under seal, is only available to the Court through CM/ECF, and not to either party. This is true even after the Court directed the Clerk to docket the opposition in accordance with appropriate procedures.[1]

In addition, it is not clear from petitioner's Notice that he provided the government with the exact opposition memorandum filed in this case. The Court has provided the government with a paper copy of petitioner's opposition memorandum and the attachment thereto, as filed by petitioner.

Accordingly,

**IT IS HEREBY ORDERED** that for all future filings under seal, petitioner shall comply fully with the Court's Administrative Procedures, and shall contemporaneously serve a copy of sealed documents or motions to opposing counsel by means other than electronic notice through CM/ECF.

*[signature]*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  18th  day of November, 2015.

---

[1] If either party in this case is able to access Document 247 through CM/ECF, they must notify the Court immediately, as this would indicate a serious technical defect in sealed document functionality.