# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEITH BYRON BARANSKI, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 4:11-CV-123 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to strike the government's reply memorandum in support of its motion for summary judgment, motion for leave to file a surresponse, and motions for leave to file in excess of page limitation and under seal with respect to the surresponse. The government opposes the motions to strike and to file a surresponse, and petitioner has filed a reply. For the following reasons, petitioner's motions will be denied.

**Motion to Strike**

Petitioner moves to strike the government's Reply memorandum, asserting it was filed in violation of Local Rule 4.01(D) because it exceeded by fifteen-page limit by three pages, and the government failed to seek leave of Court before filing it. The government responds that its Reply includes seven pages that address each paragraph of petitioner's statement of material facts as set forth at pages 3 through 10 of petitioner's opposition memorandum (Doc. 247), and that leave was not required because statements of material facts are deemed attachments not part of any party's memorandum or brief under Local Rule 4.01(E). In the alternative, the government seeks leave of Court to file its Reply.

The motion to strike will be denied for two reasons. First, as a procedural matter, a motion to strike cannot be used to attack a memorandum. Under Federal Rule of Civil Procedure 12(f), a court may "strike from a <u>pleading</u> an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. (emphasis added). "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly."[1] 2 James W. Moore, et al., <u>Moore's Federal Practice</u> §12.37[2] (3rd ed. 2014). "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."[2] <u>Id.</u>

This Court has generally restricted the use of motions to strike to material contained in pleadings. <u>See</u>, e.g., <u>Khamis v. Board of Regents, Southeast Mo. State Univ.</u>, 2010 WL 1936228,

---

[1]Under Rule 7(a), Fed. R. Civ. P., only the following are pleadings:

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Rule 7(a), Fed. R. Civ P. <u>See also</u> Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments ("[A] motion is not a 'pleading' as defined in Rule 7.").

[2]"The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'" <u>Ysais v. New Mexico Judicial Standard Comm'n</u>, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009) (quoting <u>Superior Prod. P'ship v. Gordon Auto. Body Parts Co.</u>, 2008 WL 2230774, at *1 (S.D. Ohio May 28, 2008); citing <u>In re Hopkins</u>, 162 F.3d 1173, 1998 WL 704710, at *3 n.6 (10th Cir. 1998) (unpublished) (holding that because party's "briefs were non-complying . . . it was well within the discretion of the district court to strike them"); <u>Jones v. United Space Alliance, L.L.C.</u>, 170 F. App'x 52, 57 (11th Cir. 2006) (unpublished per curiam) (holding that court did not abuse its discretion in striking a motion that violated the district's local rules)). The Court has utilized this exception in this case to strike documents that were filed in violation of the Local Rules or for filing error, whether on its own initiative or on motion of a party.

at *1 (E.D. Mo. May 13, 2010) (affidavit attached to memorandum in opposition was not a pleading and could not be attacked by a motion to strike); Donnelly v. St. John's Mercy Med. Ctr., 2009 WL 1259364, at **1-2 (E.D. Mo. May 5, 2009) (statement of uncontroverted material facts and response to motion for summary judgment could not be attacked with a motion to strike); Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc., 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008) (motion to dismiss could not be attacked with a motion to strike); Coleman v. City of Pagedale, 2008 WL 161897, at *4 (E.D. Mo. Jan. 15, 2008) (surreply and memorandum could not be attacked with a motion to strike)).

Second, the motion to strike is properly denied on the merits. The government's Reply memorandum is not over length because seven of its eighteen pages are a response to the seven-page statement of material facts contained in petitioner's Opposition memorandum. Those pages are not considered part of the parties' memoranda under Local Rule 4.01(E).[3] The Court notes that petitioner's Opposition memorandum was itself twenty pages long, exclusive of the signature page, and petitioner did not need – and did not seek – leave of Court for its filing.

**Motion for Leave to File Surresponse**

The government filed its motion for summary judgment on August 17, 2015, in compliance with the Case Management Order. Petitioner's opposition was due September 16, 2015. On that date, petitioner filed a motion requesting an additional sixty days to respond. The Court granted petitioner's motion to the extent that petitioner was ordered to file his response to the government's motion for summary judgment by November 13, 2015. See Order Amending Case Management

---

[3]It is more common for parties to file statements of material fact entirely separate from their memoranda, rather than incorporating statements of fact into memoranda, but the manner in which the parties have proceeded in this case is not unique and is acceptable.

Order at 1 (Doc. 243). The Order specifically stated, "No further extensions of time to respond will be granted." Id. This matter is set for evidentiary hearing on December 7, 2015.

Petitioner filed a twenty page Opposition memorandum on November 13, 2015, along with a six-page affidavit of Richard Gardiner. The government filed its Reply memorandum on November 20, 2015. On November 19, 2015, petitioner filed a motion for leave to file an amended Opposition, consisting of a twenty-two page memorandum in opposition, a forty-eight page statement of material facts in dispute, a Declaration signed by petitioner and accompanied by over four hundred pages of exhibits, and the Gardiner affidavit, now with eighty-four pages of exhibits. The Court denied petitioner's motion for leave to file an amended opposition, finding it to be an attempt to file an untimely opposition memorandum and to avoid the Court's order that no further extensions of time would be granted for the filing of his opposition beyond November 13, 2015.

Petitioner then filed the instant motion for leave to file a surresponse. The motion for leave makes the conclusory assertion that the government's Reply memorandum "has raised issues and made conclusory statements that are not supported by facts and/or the law, which warrant a response. Accordingly, Baranski is filing his Surresponse to properly address the Government's unsupported claims." Mot. for Leave at 1 (Doc. 269). Petitioner's proposed Surresponse bears a significant similarity to the proposed amended summary judgment opposition for which leave to file was denied.

Eastern District of Missouri Local Rule 4.01(C) states that additional memoranda following a reply may be filed only with leave of Court. The Federal Practice Tips portion of the undersigned's Judge's Requirements state in pertinent part that leave to file additional memoranda

is not routinely granted, and a motion seeking leave to file a surresponse or surreply must state why the additional briefing is needed. See Requirements, Federal Practice Tips § 1.1.g. at 9-10.[4]

The Court finds that petitioner has not articulated a reason why a surresponse is required in this matter, and also finds that the proposed surresponse is a further effort to avoid the Court's order that no further extensions of time would be granted for the filing of petitioner's opposition memorandum beyond November 13, 2015.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Motion to Strike is **DENIED**. [Doc. 268]

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to File Surresponse is **DENIED** for failure to state why additional briefing is needed and because the Court finds the surresponse was filed in an attempt to avoid the Court's prior orders. [Doc. 269]

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to File in Excess of Page Limitation and Motion for Leave to File Surresponse Under Seal are **DENIED as moot**. [Doc. 270, 271]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall delete from the record petitioner's Surresponse and all attachments thereto, filed under seal. [Doc. 272]

                                                  /s/ Charles A. Shaw

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of November, 2015.

---

[4]See http://www.moed.uscourts.gov/sites/default/files/cas.pdf.