# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH BYRON BARANSKI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-123 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on petitioner Keith Byron Baranski's Motion to Amend Findings and Alter or Amend the Judgment of Dismissal, or For New Trial, filed pursuant to Rules 52(b), 59(a) and 59(e) of the Federal Rules of Civil Procedure. Petitioner's motion follows this Court's issuance of a lengthy Memorandum and Order on March 31, 2016 (the "Order") (Doc. 324), that denied the relief sought by petitioner in his Third Verified Amended Petition for Writ of Error Coram Nobis.

The factual and procedural background of this matter was extensively addressed in the Order and will not be repeated here. Numerous issues were addressed in the Order but petitioner takes issue with the Court's findings and urges error as to two principal findings, that: (1) there was no "promise" by the government of a Federal Rule of Criminal Procedure 35 sentence reduction for prosecution witness James Carmi; and (2) the government was under no obligation to produce Carmi's medical records from the United States Bureau of Prisons to Baranski's criminal defense team. The United States opposes the motion and petitioner has filed a reply. For the following reasons, the motion will be denied in all respects.

**I. Legal Standards**

A. *Rule 52(b)*

Petitioner asserts that the Court has authority under Federal Rule of Civil Procedure 52(b) to correct its findings and amend the judgment. Rule 52(b), titled "Amended or Additional Findings," states: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings–or make additional findings–and may amend the judgment accordingly. The motion may accompany a motion for new trial under Rule 59." Fed. R. Civ. P. 52(b) (2016).

Rule 52(b) is primarily "intended to permit a party to move the trial court to clarify or supplement factfindings to enable the appellate court to understand the factual issues determined at trial." Pro Edge L.P. v. Gue, 377 F.Supp.2d 694, 698 (N.D. Iowa 2005) (quoting Clark v. Nix, 578 F. Supp. 1515, 1516 (D. Iowa 1984)). "The Rule is not meant to provide an avenue for relitigating issues on which the moving party did not prevail at trial. Consequently, a party may not use the motion to amend the findings to advance new theories or secure a rehearing on the merits." 9 James Wm. Moore, et al., Moore's Federal Practice § 52.60[3] (3d ed. 2014). "The purpose of Rule 52(b) is to provide the court an opportunity to correct manifest errors of law or fact at trial." Pro Edge, 377 F.Supp.2d at 698 (citing cases). A motion to amend may be based on newly discovered evidence, but a movant "may not introduce evidence that was available at trial but not proffered. Similarly, it is improper for a party to move to amend to advance new theories based on evidence that was proffered at trial or to reassert arguments already rejected by the court." 9 Moore's Federal Practice § 52.60[4][b].

Although petitioner moves for relief under Rule 52(b), he contends that the Court committed manifest errors of fact and law in the Order, not that the Court failed to engage in sufficient fact finding and legal analysis to permit appellate review.[1] See Boatmen's First Nat'l Bank of Kansas City v. Kansas Public Employees Retirement Sys., 57 F.3d 638, 639 (8th Cir. 1995) (finding on defendant's appeal from grant of preliminary injunction, that district court had failed to "engage in the fact finding and legal analysis required by Rule 52(b)"). As a result, the Court believes petitioner's motion is properly addressed under Rule 59(e), which he also invokes, rather than Rule 52(b). "[A]ny motion questioning the correctness of a judgment is functionally a Fed. R. Civ. P. 59(e) motion, regardless of how the motion is styled." Innovative Home Heath Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998).

B. *Rule 59(e)*

Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 59(e), Fed. R. Civ. P. Petitioner's motion is timely under Rule 59(e). The Rule was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence," Innovative Home Health Care, 141 F.3d at 1286, and provide "litigants with a narrowly constrained opportunity" to do so. Painters Dist. Council No. 2 v. Anthony's Painting, LLC, 494 F. App'x 703, 705 (8th Cir. 2012). The Court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, 141 F.3d at 1286. Rule

---

[1] Petitioner affirmatively states that his motion does not rely on newly discovered evidence.

3

59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoted case omitted); see also Holder v. United States, 721 F.3d 979, 986 (8th Cir. 2013).

C. *Rule 59(a)(1)(B)*

In the alternative, petitioner's motion seeks a new trial under Rule 59(a)(1)(B). This Rule provides:

> (1) **Grounds for New Trial**. The court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows:
> . . . .
>
> > (**B**) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Rule 59(a)(1)(B). Thus, the Rule "allows a new trial to be granted in a nonjury action if a new trial might be obtained under similar circumstances in a jury action under subdivision (a)(1)(A)." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2804 (3d ed.). It is almost entirely within the discretion of the trial court whether to grant a new trial. See Rule 59(a); Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). The key question is whether a new trial is required in order to avoid a miscarriage of justice. Maxfield v. Cintas Corp., No. 2, 563 F.3d 691, 694 (8th Cir. 2009).

4

## II. Discussion

### A. *Rule 59(a) Motion to Alter or Amend Judgment*

As previously stated, petitioner argues the Court committed manifest errors of fact and law in determining that (1) there was no "promise" by the government of a Federal Rule of Criminal Procedure 35 sentence reduction for prosecution witness James Carmi; and (2) the government was under no obligation to produce Carmi's medical records from the United States Bureau of Prisons to Baranski's criminal defense team.

With respect to the first issue, petitioner's motion discusses a number of exhibits relating to the alleged government promise to Carmi for a Rule 35 reduction, then discusses why petitioner believes the Court manifestly erred in reaching its conclusion that no Rule 35 promise was made. Petitioner's motion repeats the arguments he presented at the evidentiary hearing and in post-hearing briefing, and explains his disagreement with the Court's factual findings and legal conclusions. The Court gave careful consideration to petitioner's arguments and evidence presented at the hearing, including the exhibits discussed in the instant motion, and to his arguments and proposed findings and conclusions submitted following the hearing. Having done so, the Court issued its findings and conclusions and ruled against petitioner on the issue of a Rule 35 promise. Petitioner's motion fails to convince the Court that it has made a manifest error of fact or law in this regard.

Petitioner next alleges manifest error in the Court's findings regarding the government's alleged suppression of evidence of Carmi's memory loss. Again, petitioner's motion largely repeats the arguments he presented at the evidential hearing and in post-hearing briefing, which the Court rejected. In the Order, the Court found that petitioner's defense team was provided with or obtained significant impeachment evidence concerning Carmi's injury, memory loss and mental state, which

5

the defense was able to use to cross-examine Carmi, and that the records petitioner claims were not disclosed were similar to and largely cumulative of the information already in his possession. The Court concluded that petitioner failed to present sufficient evidence to establish the existence of the requisite "reasonable probability of a different result" had the allegedly suppressed information been disclosed to the defense. Nothing in petitioner's motion causes the Court to believe that it made a manifest error of fact or law.

      B. *Alternative Rule 59(e) Motion for New Trial*

The Court concludes that petitioner has not shown he is entitled to relief pursuant to Rule 59(e), as he has not established that the Court committed a manifest error of fact or law, that the Court's Order was against the weight of the evidence, or that the Court committed other legal errors that resulted in a miscarriage of justice. See Maxfield, 563 F.3d at 694.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Keith Byron Baranski's Motion to Amend Findings and Alter or Amend the Judgment of Dismissal, or For New Trial is **DENIED** in all respects. [Doc. 326]

                                                                            **CHARLES A. SHAW**
                                                                            **UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of July, 2016.